# CHARLESTON.

Taylor *v.* Chesapeake & O. R'y Co.

Submitted January 20, 1896—Decided March 21, 1896.

1. Parent and Child—Infant's Services.

  The father has the right to the custody of his infant child, with the correllative duty of maintenance, from which results his right to the child's services.

2. Parent and Child—Action for Infant's Services.

  The father is entitled to maintain an action for loss of services against any one who wrongfully interrupts the rendering of such services, or makes the full rendering of them impossible.

3. Parent and Child—Infant's Injuries.

  Where a party knowingly engages a minor in a dangerous employment against the known will of the father, and the minor is injured in such employment, such party is responsible to the father for the consequent loss of the services of the minor.

4. Parent and Child—Infant's Services.

  The gist of the action is the loss of such services.

Simms & Enslow for plaintiff in error, cited 1 Campb. 493; 2 Cush. 347; 88 Ga. 210; 46 Mich. 466; 75 Tex. 310; 110 Ind. 100; 35 N. E. Rep. 716; 66 Iowa, 346.

L. D. Isbell for defendant in error, cited 17 Wall. 553; 16 Lea, 391; 5 N. Y. S. 244; 1 Black. Comm. 429; 3 Black. Comm. 142.

Holt, President:

On writ of error to judgment rendered by the Circuit Court of Cabell county on the 10th day of December, 1894, in favor of plaintiff, Taylor, against the defendant company, for three hundred and fifty dollars, on demurrer to the evidence by the latter.

The evidence set forth in the demurrer shows: That Samuel W. Taylor, deceased, was the son of plaintiff, J. A. Taylor. He was seventeen years of age; had earned

from thirty dollars to forty dollars per month, which was used by the father in helping to support his family. On the night of the 16th day of December, 1893, the son left his father's house, and, without the knowledge or consent of the father, the defendant company took him into their employ as front brakeman on a freight train. The conductor at the station at Huntington gave him a switch key, and told the young man to go and put the engine on the train. The young man had never acted as brakeman on the defendant's road, but told the conductor he had braked on the M. V. at Guyandotte. The conductor told him to cut the train from the main line, and couple up some cars; and while the engine was checking up to couple to a car the young man was mashed between the bumpers, and taken back to his father's, in Huntington, where he died at the end of twenty one days.

The evidence shows that he had no experience whatever of braking on a railroad. The plaintiff had asked the yardmaster at Huntington to give his son employment as call boy, or braking in the yard, but that he did not want him employed as brakeman on the main line; and he said he would give him a place as soon as there was an opening, which would be soon. The son had asked his father's permission to brake on the railroad; and the father had refused. In that way the defendant knew that he was a minor, if not also from his youthful appearance.

The father has the right to the custody of his infant child, with the correlative duty of maintenance, from which there results a right to the child's services. 1 Minor Inst. 429; 1 Bl. Comm. 453; *Railroad Co.* v. *Willis* 83 Ky. 57; Schouler, Dom. Rel. (5th Ed.) § 252. And it follows that the father is entitled to maintain an action for loss of services against any one who wrongfully interrupts the rendering of them, or makes the full rendering of them, during the minority, impossible. Bigelow, Torts, 170. Where one knowingly engages a minor in a dangerous employment, without the father's consent, express or implied, and the minor is injured in such employment, he is responsible to the father for the consequent loss of the minor's services. *Railway Co.* v. *Redeker*, 75

Tex. 310 (12 S. W. 855). This is certainly true when it is against the known will of the father. *Railroad Co.* v. *Beyerle*, 110 Ind. 100 (11 N. E. 6). See Schouler, Dom. Rel. § 260; *Vaughan* v. *Rhodes*, 2 McCord, 227; 13 Am. Dec. 713, and notes. But the fact that the loss of services is the gist of the action must be kept steadily in view. *Sawyer* v. *Sauer*, 10 Kan. 519.

Here the jury found a verdict for three hundred and fifty dollars, subject to the judgment of the court on defendant's demurrer to the evidence, and as to the amount of the verdict no question is raised. Applying the law as stated above to the facts as they appear from the evidence, the judgment for the plaintiff on the demurrer to the evidence is right, and must be affirmed.