# CHARLESTON.

ADKINS v. HOPE ENGINEERING & SUPPLY CO.

Submitted November 20, 1917. Decided November 27, 1917.

1. PARENT AND CHILD—*Custody and Control—Earnings of Child—Modification by Statute.*

   The common law right of a father to the custody and control of his minor child, and, unless sooner manumitted by him, to demand and receive the benefit of its earnings in any employment during minority, and compensation for the impairment or deprivation of the earning capacity of such minor, obtains in this state except in so far as the legislature, in the exercise of the power impliedly conferred by the constitution, has abrogated or modified such right. (p. 452).

2. MASTER AND SERVANT—*Right to Child's Earnings—Workmen's Compensation Act.*

   By the exertion of such power, the legislature has, by chapter 15P, Code 1916, known as the Workmen's Compensation Act, substituted a mode of compensation for such deprivation or impairment different from and in lieu of the common law right of redress therefor. (p. 452).

3. Same—*Earnings of Child—Workmen's Compensation Act—Knowledge and Assent.*

The appropriateness and applicability of that act, and the substituted compensation aforesaid, in lieu of a recovery in such common law action for an injury sustained by a minor while in the service of another, resulting in deprivation or impairment of his earning capacity, do not depend upon the knowledge by the parent of the employment or his consent or want of consent thereto. (p. 453).

4. Same—*Workman's Compensation Act—Employment of Minors.*

Sections 9, 22 and 23 of the act aforesaid, when read together and properly construed, show (section 9) that minors lawfully may be employed in any business, industry or occupation except when prohibited by sections 24, 59, 71 and 72 of chapter 15H or section 16d4 of chapter 144, Code; and (sections 22 and 23) that when the employer has in the manner therein required given the notice likewise required, and the employee, though an infant, thereafter continues in the employment, the continuation and notice combined operate as a waiver of any common law right of action for redress the parent or minor might have had but for such statute. (p. 455).

5. Same—*Services and Earnings of Child—Parent's Knowledge or Consent.*

When not expressly or impliedly prohibited by statute, the employment of a minor in any legitimate business or occupation is not unlawful merely for want of knowledge or consent by the parent or guardian. (p. 455).

Certified from Circuit Court, Cabell County.

Action by Marice Adkins against the Hope Engineering & Supply Company. Demurrer to declaration overruled, and case certified.

*Reversed, and cause remanded.*

*Marcum & Shepherd* and *J. W. Perry*, for plaintiff.

*Simms & Staker*, for defendant.

Lynch, President:

Plaintiff sued to recover damages for the loss of the services of his fifteen year old son, who was injured while engaged with other employees in digging a trench to be used by defendant to lay a pipe line to market gas, a business in which

it seems defendant then was engaged. Having sustained the declaration as sufficient on demurrer, the court, upon the application of the parties, certified the case here according to the provisions found in §1, ch. 135, Code.

There is no question raised as to the form of the pleading or the sufficiency of its averments, or as to the constitutional power to enact what is known as the Workmen's Compensation Act, being chapter 15P, Code. The only question argued and to be decided is whether the declaration states a cause of action such as entitles plaintiff to the recovery he seeks. The pleading avers the qualifications of the defendant to invoke the protection and claim the benefit of the provisions of that act, and thereby to defeat recovery in this action. There is no averment charging failure to comply with any requirement of the statute, whereby defendant could not avail itself of its provisions in bar of the action. Such compliance the declaration specifically avers.

But plaintiff does allege, and his counsel insist, that, although defendant has in all respects done what the act requires to entitle it to the immunities and prescriptions thereof, the act does not purport to work an exoneration from liability for the loss of the services sued for. Or, differently stated, the conclusion is that, as the compensation allowed an injured minor servant in lieu of a recovery for the injury in a common law action by the minor is personal and limited to him alone, the statute was not intended to and does not operate to bar an action by a parent to compel restitution for the loss occasioned to him by such injury, when he neither consented to nor was cognizant of the employment of the minor as the servant of the defendant. Want of knowledge or notice on the part of the plaintiff of the employment, and absence of his consent thereto, are reiterated and emphasized in the pleading and in the argument in his behalf, and, indeed, constitutes whatever merit the issue between the parties has. Beyond these contentions it is unnecessary to extend this discussion, because unless the compensation fixed by our Workmen's Compensation Act is a substitute for all common law recoveries for injuries, however occurring, including recovery by a parent for loss of services, generally recognized as re-

coverable by him at common law, the declaration does state a good cause of action; otherwise it does not. This is the very gist of the controversy.

There can be no doubt that at the common law the father ordinarily had and still has, where that law remains in force, as in this state except to the extent altered or modified by statute, the right to the control and custody of his minor children and to have the benefit of their earning powers until they attain their majority, unless sooner manumitted by him, and that he is entitled to maintain an action for a loss resulting to him by the wrongful interruption of such right. *Taylor* v. *Railway Co.*, 41 W. Va. 704. But this concession does not necessarily preclude the exercise of legislative authority to change, modify or entirely abrogate such right of compensation, or to substitute in lieu thereof another more or less comprehensive, speedy and convenient mode of obtaining restitution for such deprivation of the minor's services.

Whether the legislature, when enacting the Workmen's Compensation Act, intended such substitution, and the act signifies or expresses that intention, must be determined upon an examination of the provisions of the act itself. Section 22 says: "Any employer subject to this act who shall elect to pay into the workmen's compensation fund the premium provided by this act, shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after such election and during any period in which such employer shall not be in default in the payment of such premium; provided, the injured employee has remained in his service with notice that his employer has elected to pay into the workmen's compensation fund the premiums provided by this act. The continuation in the service of such employer with such notice shall be deemed a waiver by the employee and by the parents of any minor employee of the right of action as aforesaid which the employee or his or her parents would otherwise have".

The defendant, the declaration avers, is an employer subject to the act, has paid the premiums thereby provided, and in all respects complied with its requirements, and was not in default as to any of them. If so, does defendant still remain

liable to respond in damages at common law for the injury to the employee, the minor son of the plaintiff, however occurring, notwithstanding the explicit and imperative language of this section? We know no rule whereby to justify a construction or interpretation not in accord with the plain purport of the language employed to express the legislative intent; and counsel suggest none. That intent is expressed too plainly to permit different conclusions as to its purport or meaning. It leaves no room for doubt; it is not ambiguous nor susceptible of misinterpretation.

Reliance on *King* v. *Viscoloid Co.*, 219 Mass. 420, cited by plaintiff, can not avail him as an authority for the proposition for which he contends, or for saying that the language employed in section 22 of the act does not include denial of the right to maintain this action. When that case was decided there was no such provision in the Massachusetts statute as is found in ours. The court itself noted the difference when saying "in our statute there is no direct enactment taking away the parent's right of action, and we find nothing which takes it away by necessary implication". Though the King case does decide that the act considered by the court does not deprive a parent of his common law right of action for loss of the services of his minor child, the decision has no applicability and furnishes no aid in the interpretation of a statute which, as we think, expressly abrogates such right of action.

It is contended, however, that, because plaintiff had no personal notice or knowledge of the employment of his son in the service of the defendant before and at the time of the injury, and did not assent to the employment, it was for that reason unlawful, and that the unlawfulness thereof deprives the defendant of the protection of the act, notwithstanding compliance with its requirements. That contention lies at the very foundation of the right claimed by plaintiff, which, though elaborately discussed in the briefs of counsel, seems to be answered fully by the concluding provision of section 22, already quoted, and by section 23 of the act, which so far as now material reads: "Each employer electing to pay the premiums provided by this act into the workmen's compen-

sation fund * * shall post and keep posted in conspicuous places about his place or places of business typewritten or printed notices stating the fact that he has made such election, and the same when so posted shall constitute sufficient notice to all his employees and to the parents of any minor employees of the fact that he has made such election''. So that this section, read in conjunction with the final clause or provision of section 22, saying ''the continuation in the service of such employer with such notice shall be deemed a waiver by the employee and by the parents of any minor employee of the right of action as aforesaid which the employee or his or her parents would otherwise have'', clearly evinces a legislative purpose to make the notice, when so posted, sufficient to inform not only all employees, whether adults or minors, but also the parents of such of them as are minors, that the common law right of action for injuries sustained thereafter by any such employee while in the service of the employer is abrogated, taken away and .destroyed, and that the employee and parents are precluded by the compensation allowed by the act from maintaining any action at law for other compensation for such injury. The notices and the posting thereof were intended to and did serve to foreclose the question of want of knowledge or notice, and of the necessity for other more direct or personal parental consent to the employment. By this conclusion is not meant that the employment of a minor against the protest of the parent, with notice or knowledge thereof communicated to the employer, would preclude such right of action. That question does not arise, and we do not decide it. For the contention here is that, apart from the statutory notice, the employment was unlawful merely because plaintiff did not know his injured son was engaged in the service of the defendant, and, being so unlawful, the employment did not operate in bar of the act, notwithstanding its express terms. But the act makes no such exception. Its language does not admit any such interpolation. Its terms are inclusive; and this court can not amend it by excluding plaintiff from its operation, as we would do if we say that, having no notice other than that the act itself declares sufficient, his right of

action is not barred by the statute, since the employment was unlawful because he had no knowledge of it. Evidently, the legislature proceeded upon the theory that ordinarily a parent would know whether and where his minor child is engaged in profitable employment. He is its custodian and guardian, and the natural supposition is that the relation between them is so intimate as to give rise to the presumption that a minor child would not, without knowledge and consent of the parent, engage to perform such service. However that may be, it does not follow logically or legally that the lack of such knowledge or consent renders the employment unlawful. There is no such unlawfulness in the employment at any service, unless made so by statute or by some rule of the common law for the preservation of the health and morals of the young and inexperienced. Accordingly, many statutes are found prohibiting the keepers of billiard or pool rooms, saloons, and other like places of public resort, from permitting minors to remain therein or to participate in the games carried on therein; or prohibiting or restricting the employment of children under designated ages in certain occupations, implying thereby that but for such statutes the employment would be lawful.

Of the superabundance of decisions dealing with injuries to minors engaged in industrial occupations, none found hold the master liable as for unlawfulness on the ground that he did not obtain the assent of the parent. In most instances the cause of action is based on negligence in operation, as in failing to provide a safe place and safe appliances in and with which to work, or to instruct and warn against danger, unless the occupation is one in which the employment of minors within specified ages is prohibited. Yet, while mere employment of a minor without such assent inherently is not unlawful, in itself entailing liability in damages, negligence by the master is not essential to maturity of a cause of action for loss of services. That right may accrue likewise from an injury due merely to the ordinary risks and hazards of the employment. *Cook* v. *Urban,* 167 S. W. (Tex.) 251; 29 Cyc. 1640; *Taylor* v. *Railway Co.,* 41 W. Va. 704.

Nothing in our Workmen's Compensation Act prohibits

an employer who qualifies thereunder from engaging the services of a minor; nor except when expressly prohibited by law is such employment unlawful. *Westerlund* v. *Kettle River Co.,* 162 N. W. 680; *Foth* v. *Macomber,* 161 Wis. 549, 11 N. C. C. A. 599; *Pettee* v. *Noyes,* 157 N. W. 995. The only statutory inhibitions against the employment of minors in this state are found in section 24, ch. 15H, Code, prohibiting the employment of boys under fourteen years of age in coal mines; section 59 of that chapter, the employment of a minor of any age to clean the machinery therein mentioned; sections 71 and 72 of the same chapter, which condemn the employment of children under fourteen or sixteen years of age in any factory, mill, workshop or manufacturing establishment, except upon compliance with the conditions therein prescribed; and section 16d4, ch. 144, prohibiting their employment in the places therein specified. These statutes, except the last, ignore or disregard the question of parental consent. They are referred to here only because, as held in *Rhodes* v. *Coal Co.,* 79 W. Va. 71, a prohibition against the employment of minors under a specified age in any occupation impliedly sanctions the lawfulness of the employment therein of minors above that age; and, as we have observed, section 9 comprehends minors of the second class as being within the definition of employees protected and bound by the provisions of the Workmen's Compensation Act. That case furnishes a further illustration of the aptness of the interpretation now proposed, of the true meaning of the provisions of the act under discussion, in that it holds in effect that the act is in derogation of the common law in so far as it imposes restrictions upon trades and common occupations. Section 9 makes no distinction as to age limits. It gives an inclusive, not exclusive, definition of the persons who, either as employers or employees, are within the meaning of the Workmen's Compensation Act and subject to its provisions. With the restrictions therein specified, employees are all persons in the service of the master employed by him for the purpose of carrying on the industry or business in which he is engaged. The only pertinent exception is that the act shall not apply to persons prohibited

by law from being employed.   Nowhere except in the statutes cited do we find any rule or principle of law, and plaintiff cites none, holding the employment of minors unlawful solely because not assented to by their parents.

These reasons lead to the conclusion that the declaration does not aver a cause of action warranting a recovery for plaintiff, and, therefore, that the ruling upon the demurrer is erroneous.

*Reversed, and cause remanded.*