CALDWELL LAND AND LUMBER COMPANY v. COMMISSIONERS OF CALDWELL COUNTY ET ALS.

(Filed 28 November, 1917.)

**Taxation—Government Reservation—Contracts to Convey Land—Deeds and Conveyances.**

A contract to convey lands to the United States Government reservation, under the Federal statute, does not vest the title in the Government until survey made, acreage determined, purchase price paid, or conveyance made and title approved by the Attorney-General, and until then the land is subject to State, etc., taxes under the State statutes.

APPEAL by both parties from *Carter, J.,* at chambers, as of May Term, 1917; from CALDWELL.

The plaintiff lumber company, being the owner of certain timber lands in Caldwell County, entered into an agreement on 15 September, 1915, to sell the same to the United States "at the rate of $1.90 per acre, the acreage to be determined by Government survey." The defendant County Commissioners of Caldwell caused the lands to be assessed for taxation for State and county purposes for the years 1916 and 1917, and the defendant sheriff was authorized to collect such taxes.

The case is submitted upon "a controversy without action," in which it is agreed "No conveyance of the title has been made under the terms of the contract referred to and no condemnation proceedings thereunder have been instituted." It was also agreed that the U. S. Department of Agriculture, by its agents, has exercised certain acts of possession over the lands referred to in said contract by building roads, and the like.

The court held that the lumber company was liable for the taxes for 1916, from which it appealed, and that it was not liable for the taxes on the lands in question for the year 1917, from which the defendants appealed.

*W. C. Newland for plaintiff.*
*Squires & Whisnant for defendants.*

CLARK, C. J. The sole question presented is, "Who was the owner of the lands in question on the first day of May, 1916 and 1917?"

The statute provides: "Every person owning property is required to list and deliver to the list taker a statement, verified by his oath, of all the real and personal property, moneys, credits . . . in his possession or under his control on the first day of May, either as owner or holder thereof, or as parent, guardian, trustee, executor, executrix, administrator, administratrix, receiver, accounting officer, partner, agent, factor, or otherwise."

In this case, the plaintiff has given a contract to sell to the Government, at the price of $1.90 per acre, the acreage to be determined by Government survey, but there has been no survey. The acreage has not been determined; the purchase money has not been paid, and no deed has been executed. The same rules apply when the Government holds such a contract as if it were an individual. No title has passed, for no conveyance has been made. The laying out of roads by a department of the Government does not pass the title, and the Government, like an individual, has only a right of action for specific performance or for damages unless it chooses to resort to condemnation proceedings. At any rate, at the time this case was presented to the court the defendant

lumber company was the "owner" of the land in question, and was such on 1 May, 1916, and 1 May, 1917, and is liable for the taxes for both years. Black on Tax Titles (2 Ed.), sec. 106, says that "by the 'owner' is meant the person who has the legal title or estate to or in the land, and not the one who by contract or otherwise has a mere equity therein or a right to compel a conveyance of such legal title or estate to himself," citing *Tracy v. Reed,* 38 Fed., 69.

The act of Congress ratified 1 March, 1911, ch. 186, sec. 8, which is referred to in the contract given by the lumber company, the plaintiff in this case, provides that in acquiring lands for his reservation, "No payment shall be made for any such land until the title shall be satisfactory to the Attorney-General and shall be vested in the United States." No deed has been executed to the Government nor has been approved by the Attorney-General, and the title has never vested in the United States. The title may never vest in the Government, for the act may be repealed or the title may not be approved.

The plaintiff has not a solvent credit to show nor money received which could be taxed in lieu of the land. He still has the land and nothing more.

In the plaintiff's appeal the judgment is affirmed. In the defendant's appeal the judgment that the lumber company is not liable for the taxes of 1917 is

Reversed.