# CHARLESTON.

## MILFORD JESSE IDLEMAN v. JOHN GROVES.

Submitted September 7, 1921.  Decided September 20, 1921.

1. PLEADING—*Declaration in Trespass on the Case for Abduction is not Demurrable Because Alleging Incident Facts and Circumstances.*

    A declaration in an action of trespass on the case for the abduction of a child, about eighteen months old, is not demurrable merely because it alleges the facts and circumstances incident to the commission   of the wrongful act and the method of its commission, as by an assault by defendant and others cooperating with him pursuant to a conspiracy formed by them for the purpose. (p. 92).

2. ABDUCTION—*Declaration in Trespass on the Case for Infant's Abduction not Defective, Because not Based on Loss of Service.*

    Nor is such a declaration necessarily defective by reason of the omission of an averment showing the basis of the action to be loss of the services of an infant child occasioned by its abduction and unlawful detention by defendant. (p. 94).

3. SAME—*Elements of Declaration for Infant's Abduction set out.*

    A declaration in such an action is sufficient if it shows cause for recovery on account of mental anguish, pain and suffering on the part of the plaintiff occasioned by the wrongful detention of the child thereby disqualifying him for the transaction of his ordinary business affairs, and on account of the cost and expenses incurred in litigation prosecuted by plaintiff to regain possession of the child. (p. 94).

4. SAME—*Statute held not to Bar Damages for Infant's Abduction by Party Previously Adjudicated to have its Custody.*

    Section 7, chapter 80, Acts 1921, does not appear to bar plaintiff's right to maintain the action, the right to its possession having been adjudicated in his favor in a proceeding instituted for the purpose. (p. 95).

Case Certified from Circuit Court, Grant County.

Action in trespass on the case by Milford Jesse Idleman against John Groves, for damages for abduction of a minor

child.   Demurrer to declaration sustained, and cause certified.

*Reversed; Demurrer overruled.*

*W. C. Grimes,* for plaintiff.

*E. L. Judy, Arch J. Welton, I. D. Smith* and *Taylor Morrison,* for defendant.

LYNCH, JUDGE:

The questions certified arise on a demurrer to the declaration in an action of trespass on the case.   The plaintiff sued to recover damages for the abduction of his son, a child now about eighteen months old, born in lawful wedlock between him and defendant's daughter, plaintiff's wife.   The defects relied on as grounds for demurrer are:  first, the averment of more than one cause of action in the declaration consisting of but one count, second, the want of authority to maintain the action when the abduction was consummated by an assault upon the plaintiff initiated by defendant pursuant to a conspiracy in which the mother of the child, her father and others under his control were active participants, and, third, the failure to allege loss of the services of the child during the abduction period.

The declaration does in detail aver the combination among the persons named therein for the purpose of forcibly depriving the plaintiff of the custody and control of the child then, and theretofore in his lawful possession and that by assaulting and thereby inflicting upon him serious personal injuries they succeeded in the accomplishment of the unlawful purpose contemplated by them.   In other words, the declaration, when properly interpreted, avers but one cause of action, the abduction of the child.   Allegations of the manner in which defendant and those who cooperated with him accomplished their purpose are merely explanatory of the incidents leading up to and culminating in the consummation of the wrongful act.   Their only office is to show the circumstances in which the unlawful change in the custody of the child was brought about.

That the recovery so sought by plaintiff is confined to a single issue no more clearly appears elsewhere than in the

closing part of the pleading itself; for it is there asserted
in no uncertain language that by the means employed, in-
cluding the unlawful assault and the infliction of injuries,
plaintiff wrongfully and unjustly was deprived of the so-
ciety, possession and control of the child until it was restored
to him about two months later by an order in a judicial
proceeding instituted by him for that purpose, wherefore,
and because of the costs incurred and money expended by
plaintiff to recover possession of the child he has been great-
ly injured and damaged etc.

Obviously, plaintiff does not in this action seek redress
for the personal injuries inflicted upon him.  The gist of
the action is not the assault and battery but the unlawful
interference with the exercise of a lawful right.  As we view
it, the declaration has for its sole object redress of one
grievance, the abduction of the child.

The singleness and certainty of the pleading is apparent
notwithstanding allegations as to the combination to carry
into effect the unlawful purpose and as to the assault made
upon the plaintiff to insure the success of that purpose.
These are only the incidents, although somewhat directly
connected with the commission of the wrongful act.  We fail
to see in what respect the declaration violates the rules of
good pleading.  Certainly it does not merely because it de-
tails the circumstances under which the wrong complained
of was committed.  They do not confuse the main issue but
rather tend to clarify and accentuate it.  If irrelevant or
incongrous, still they do not render the pleading defective.

In that event they are to be treated as harmless or super-
fluous as they in nowise affect the real merits of the contro-
versy.  But these averments read together are neither ir-
relevant nor inconsistent.

What has been said as to the first objection in effect an-
swers and eliminates the second, that is, whether plaintiff
can maintain the action against defendant as an active par-
ticipant with plaintiff's wife, she being a co-conspirator.
Though not necessary, it may not be amiss to cite *Rice* v.
*Nickerson,* 9 Allen (Mass.) 478, 85 Am. Dec. 777, refuting
the argument based upon the second objection; for the sub-

stance of the decision is that it is not a legitimate defense to an action for depriving plaintiff of the lawful custody of the child that defendant acted at the request of the child's mother.

The third ground, that is, the failure to aver loss of services, is also not fatal though it may sometimes be prudent to insert it in declarations of this kind. The declaration does state facts sufficient to show that no substantial benefit could be derived from the services of the child, eighteen months old. Instead of its being a source of income, the expense incident to its maintenance, support and training is a burden, a burden more than compensated by the comfort and pleasure of its presence as a member of the household it is true. Besides, loss of service is a mere fiction, "an outworn fiction," according to *Hood* v. *Sudderth,* 111 N. C. 215, 16 S. E. 397; *Willeford* v. *Bailey,* 132 N. C. 402, 43 S. E. 928; *Kirkpatrick* v. *Lockhart,* 2 Brev. (S. C.) 276.

There may be circumstances in which a pleading should use the phrase omitted. Apparently it was so used in *Taylor* v. *Chesapeake & Ohio Railway Co.,* 41 W. Va. 704, 24 S. E. 631. The wages of the son had, prior to his death, contributed to the support of the father's family, and the basis of the action was the loss of this contribution. As the child abducted by the defendant had no earning capacity, an averment of the loss of service would mean nothing and plaintiff could not by proof show such loss had the declaration so averred. Would the action prove abortive because of such failure? An affirmative answer would be ludicrous.

At an early date the common law afforded the parent a right of action for the abduction of his child only when the child was an heir in whose marriage the plaintiff had valuable rights, and later because he lost the child's services. "The modern American rule seems, however, to be that the parent may sue without alleging or proving loss of services, which seems to be an honest result." 1 Schouler, Mar., Div., Sep., & Dom. Rel., (6th. Ed.) Sec. 750. In the same section the author further says: "The modern authorities have advanced and now the parent can recover damages for the unlawful taking away or concealment of a minor child,

and is not limited to cases in which such child is the heir or eldest son ...... nor are the damages limited to the fiction of 'loss of services'. The real ground of action is compensation for the ·expense and injury...... for the wrong done him in his affections and the destruction of his household.'' These grounds of relief by way of damages the declaration sufficiently states. As so set out, plaintiff has suffered great pain and mental agony and was hindered and prevented from performing and transacting his necessary affairs and business during a greater part of that time (the absence of the child), and because of the abduction ''was put to great costs, expenses, time and attorneys' fees in and about endeavoring to secure possession, custody, care, control and education of the child'' etc.

What relevancy and bearing defendant's reliance upon section 7 chapter 80, Acts 1921, has or can have upon the sufficiency of the declaration or upon the right of the plaintiff to maintain the action it is difficult to perceive. The chapter amends and reenacts sections 1, 3 and 7 of Chapter 82 of the Code relating to guardians and wards. As so amended, section 1 confers authority upon the father or mother to appoint by will a guardian for his or her child born or to be born and for such time during infancy as he or she may direct; and section 3 like authority upon the County Court to appoint a guardian where the minor has any estate therein, provided the father or mother has not · done so; or if there be no father or mother living then it (the County Court) shall appoint as such guardian his nearest of kin residing in the County wherein such minor resides or has any estate (and) competent to act as such guardian and if there be no father or mother or next of kin the court shall appoint some suitable person guardian for such minor. Section 7 purports to give a guardian appointed pursuant to the terms of section 3 the custody of his ward and the possession, care and management of his estate, real and personal, and out of the proceeds of the same provide for the maintenance and support of the ward but the father or mother of such ward shall be entitled to the custody of the person of such minor and to the care of his education

and if living together shall be joint guardians of their minor child or children with equal powers, rights and duties in respect to their custody, control, and of the services and earnings of such minor child or children and neither shall have any right paramount to that of the. other as to such custody, control, services and earnings.

The plaintiff and his wife presumably are not living together and were not when the Circuit Court restored to plaintiff the care and custody of their child. That right thereby became an adjudicated matter as between the father and mother according to the declaration and as to the merits as the case now appears the right to the custody of the child is foreclosed.

Our opinion, therefore, is that the Circuit Court erred in the ruling upon the demurrer and that instead of holding the declaration insufficient it should have held it sufficient and our order will so certify.

*Reversed; Demurrer overruled.*