J. S. HILSINGER, Appellant, v. ZIMMERMAN STEEL COMPANY, Appellee.

**JUDGMENT: On Motion.** The practice of entertaining motions for judgment on the pleadings will be recognized, on appeal, not as a matter of right in movent, but as a matter of mutual agreement between litigants.

**MASTER AND SERVANT: Workmen's Compensation Act—Exclusiveness of Remedy.** The right of a father to recover, under Sec. 3471, Code, 1897, for the loss, of services of his minor child through injury resulting from the negligence of the child's employer, has been abrogated by the enactment of the Workmen's Compensation Act, in all instances where the injury to the minor is compensable under said act.

**MASTER AND SERVANT: Workmen's Compensation Act—Vested Rights and Allowable Classification.** The Workmen's Compensation Act (Sec. 2477-m *et seq.*, Code Supp., 1913) is not unconstitutional because, in some instances, it deprives a parent of his former right to recover for the loss of services of his minor child, nor because the act discriminates in some instances against a parent of a minor engaged in industrial pursuits.

**MASTER AND SERVANT: Workmen's Compensation Act—Admission as to Nature of Employment.** An admission by a pleader that a certain injury was compensable under the Workmen's Compensation Act is necessarily a conclusive concession that the employment of the injured person was *not* casual.

*Appeal from Scott District Court.—F.· D. Letts, Judge.*

April 8, 1922.

Action by plaintiff, under Code Section· 3471, to recover for loss of the earnings of his minor son, resulting from injuries received while the employee of the defendant, and through the negligence of the defendant. Medical expenses also are claimed. One defense pleaded by the defendant was that the defendant, as an employer, was operating under the Workmen's Compensation Act, and that its liability had been adjudicated under such act, and that the defendant had paid all installments adjudicated against it as they matured. By way of reply, the plaintiff admitted that the defendant was operating under the Workmen's Compensation Act, and that all the liability of the defendant to the employee had been adjudicated pursuant to such act, but averred that he, as parent of the minor employee, was not bound by the provisions of such Compensation Act, and that he was entitled to recover independently thereof, by virtue of Section 3471. The defendant filed a motion for judgment on the pleadings, which was duly sustained, and judgment entered dismissing the petition. Plaintiff has appealed.—*Affirmed.* ·

*A. G. Bush,* for appellant.

*Bollinger & Block,* for appellee.

Evans, J.—I.    There is no warrant under our statute for a motion for judgment upon the pleadings, though such practice is not infrequently resorted to, by apparent mutual consent of counsel. The parties themselves have mutually

1. Judgment: on motion.

treated the motion as the equivalent of a demurrer to the plaintiff's reply and an election by the plaintiff to stand upon his pleading. We shall, for that reason, so treat it here, without giving sanction to the practice. The practice, if sanctioned, would quite supplant the demurrer. If the practice were sanctioned as a matter of right to the movent, he would, if successful, be entitled to summary judgment, without any right of amendment to the adverse party.

However, where the parties mutually agree to present an issue of law in that form, there can be no special objection to it, as an agreement by the parties.

The question presented here is whether the right of a father to recover for the loss of services of a minor child through injury resulting from the negligence of another, as provided by Section

2. MASTER AND
SERVANT: Work-
men's Compen-
sation Act: ex-
clusiveness of
remedy.

3471, is affected to any degree by the Workmen's Compensation Act. ·

The pleadings disclose that the defendant was engaged in operating a factory, and that Harry Hilsinger, the minor son of plaintiff, 18 years of age, was regularly employed therein, at $40 per week. While so employed, he received the injuries complained of.

The argument for the appellant is that the Workmen's Compensation Act did not, in terms, repeal Section 3471; and that its terms are not so repugnant to Section 3471 that a repeal by implication should be found. To our minds the question involved is not so much whether Section 3471 has been repealed by implication, but whether the field of its application has been circumscribed or reduced by the operation of the Compensation Act. Assuming that the purpose of the Compensation Act was to cover the entire field of liability for industrial injury, Section 3471 could still be operative outside of that field.

In order to get before us the real purport of the Compensation Act, a few quotations therefrom will be necessary. Section 2477-m is:

"(a)  Except as by this act otherwise provided, it shall be conclusively presumed that every employer as defined by this act has elected to provide, secure and pay compensation according to the terms, conditions, and provisions of this act for any and all personal injuries sustained by an employee arising out of and in the course of the employment; and in such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this act otherwise provided; but this act shall not apply to any household or domestic servant, farm or other laborer engaged in agricultural pursuits, nor persons whose employment is of a casual nature."

Section 2477-m2 is:

"(a)   The rights and remedies provided in this act for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury; and all employees affected by this act shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions and provisions of this act until notice in writing shall have been served upon his employer, and also on the Iowa industrial commissioner, with return thereon by affidavit showing the date upon which notice was served upon the employer."

Section 2477-m16 defines certain terms used in the Compensation Act, including the following:

"The term 'workman' shall include the singular and plural of both sexes. Any reference to a workman who has been injured shall, where the workman is dead, include a reference to his dependents as herein defined, legal representatives or where the workman is a minor or incompetent to his guardian or next friend."

Also:

"(c)   The following shall be conclusively presumed to be wholly *dependent* upon a deceased employee: * * *

"(3)   *A parent of a minor entitled to the earnings of the employee* at the time when the injury occurred, subject to provisions of Subdivision (f), Section 10 hereof."

Section 2477-m12 is:

"The compensation herein provided shall be the measure of the responsibility which the employer has assumed for injuries or death that may occur to employees in his employment subject to the provisions of this act, and it shall not be in any wise reduced by contribution from employees."

Section 2477-m9 (f) is:

"Where injury causes death to an employee, a minor, whose earnings were received by the parent, the *compensation to be paid the parent* shall be two thirds of the amount provided for payment in Subdivision (d) Section 10."

It will be seen from the foregoing that the Compensation Act does purport to provide a complete and exclusive remedy for all injured employees and their beneficiaries; and that it does

purport to provide a complete and exclusive liability on the part of the employer for such injuries. Section 2477-m2, above quoted, expressly so provides. It makes this remedy "exclusive of all other rights and remedies of such employee, his personal or legal representatives, *dependents or next of kin,* at common law or otherwise, on account of such injury." This enumeration necessarily includes the father, as the next of kin. If death had resulted to the employee, the statute would become applicable to the father, not only as the next of kin, but as a *dependent,* as provided by Section 2477-m16, above quoted. That the act is applicable to the parent of a minor is also indicated by Section 2477-m9, above quoted. True, these particular divisions have reference to a case of wrongful death. But if Section 3471 is not affected by the Compensation Act, then the father of the minor is as much entitled thereunder to sue for damages for the wrongful death of the minor as for his wrongful injury. It must be said, therefore, that the Compensation Act does operate upon the rights accruing under Section 3471 to the parents of a minor before the enactment of the Compensation Act; that, though it has not repealed Section 3471, either expressly or by implication, yet it has necessarily narrowed its field of application to cases arising outside the field of the Compensation Act itself. Industrial injuries are to be compensated for by the methods of the Compensation Act, and not otherwise.

Cases from other jurisdictions are few. Such as there are, are necessarily made to rest upon the particular statute under consideration. The appellant places special reliance upon *King v. Viscoloid Co.,* 219 Mass. 420 (106 N. E. 988). The Massachusetts statute construed in that case is not identical with ours, nor does it contain the equivalent of the more important provisions which we have above quoted herein.

Appellant puts reliance also upon *Mackin v. Detroit-Timkin Axle Co.,* 187 Mich. 8 (153 N. W. 49). This case can hardly be deemed a precedent upon the question before us, for the reason that such question was not directly involved in the cited case. The remark contained in the opinion which is relied upon by appellant was used argumentatively only, in sustaining the constitutionality of the statute. Neither was that statute identical with ours.

The question was before the Supreme Court of West Virginia in *Adkins v. Hope Eng. & Sup. Co.*, 81 W. Va. 449 (94 S. E. 406). The language of the West Virginia statute is not identical with ours, but is more nearly equivalent thereto than was the Massachusetts statute. The holding in that case was that the Compensation Act was exclusive of the parent's right to maintain an action for loss of services.

The same question arose in New Jersey, in *Buonfiglio v. Neumann & Co.*, 93 N. J. L. 174 (107 Atl. 285). The holding in that case was adverse to the claim of the parent. To the same effect is *Hetzel v. Wasson Piston Ring Co.*, 89 N. J. L. 201 (98 Atl. 306, L. R. A. 1917 D 75) ; and *Hartman v. Unexcelled Mfg. Co.*, 93 N. J. L. 418 (108 Atl. 357).

The trend of authority, therefore, so far as it has gone, is in support of the holding of the trial court.

II. It is urged by appellant that the Compensation Act, if construed as herein indicated, is rendered unconstitutional. Such claim of unconstitutionality is based upon several specific grounds. Some of these grounds may be reduced to the broad contention that it deprives the parent of his vested right to the value of the services of his minor child.

3. MASTER AND SERVANT: Workmen's Compensation Act: vested rights and allowable classification.

Such alleged vested right of the parent arises out of Section 3471. Such statute did not confer upon the parent any right which was superior to the power of amendment by subsequent legislation. The subsequent legislation being had, it is as decisive of the right of the parent as was the previous legislation prior thereto. It is also urged that the Compensation Act, as thus construed, becomes discriminatory against the parents of minors engaged in industrial pursuit. This means that the Compensation Act fixes a remedy for liability for personal injuries in industrial pursuits which does not extend to all forms of liability for personal injury. It will be seen that this is a question of classification. Is the field of liability covered by the terms of the Compensation Act an appropriate classification, within the permission of the Constitution? We have previously sustained the constitutionality of the act in that regard. *Hunter v. Colfax Consol. Coal Co.*, 175 Iowa 245.

It is also contended that the employment of the minor at

the time of his actual injury was casual only, and that, therefore, the injury did not come within the terms of the Compensation

**4. MASTER AND SERVANT: Workmen's Compensation Act: admission as to nature of employment.** Act. It is not claimed that the minor was not one of the regular employees of the defendant. He was regularly engaged in the factory at $40 per week. It is claimed, however, that the defendant momentarily diverted him from his regular work, and set him momentarily to a more dangerous work, and that the injury resulted from such diversion.

The very fact that compensation has been allowed under the Compensation Act is an adjudication as to the minor that he was injured in his regular employment as an employee, and that his employment was not casual. If it had been casual, within the meaning of the act, then the act could not have applied to him at all. The defendant pleaded that the injury was subject to adjustment under the Compensation Act. The plaintiff's reply admitted that allegation. Plaintiff cannot both admit and deny. The admission will necessarily override the denial. Clearly, the liability could not *in fact* be *within* the Compensation Act for the purpose of compensating the minor and *without* the Compensation Act for the purpose of compensating the parent. This is not saying that an adjudication as to the minor is necessarily an adjudication as to the parent. Plaintiff's contention, therefore, that the minor's employment was casual must be ignored.

We reach the conclusion that the trial court properly dismissed the petition, and its order is, accordingly,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.