## HOUSTON PIPE LINE CO. v. BEASLEY et ux.

### No. 9707.

Court of Civil Appeals of Texas. Galveston.
April 9, 1932.

Williams, Lee, Hill, Sears & Kennerly and W. H. Blades, all of Houston, for appellant.

J. Turner Vance, of Refugio, E. G. Brown, of Corpus Christi, K. D. Hall, of Refugio, and Hobart Huson, of San Antonio, for appellees.

PLEASANTS, C. J.

This suit was brought by appellees, H. H. Beasley and wife, Anna Beasley, against appellant to recover damages in the sum of $50,000 for injury to their minor son, Ernest, alleged to have been caused by the negligence of the appellant.

The damages claimed in their petition are itemized as follows: $5,000 for loss of the son's services during his minority; $15,000 for loss of contributions he would have made to them after he reached his majority; and $30,000, the amount they will be required to expend for his care and support during his life and the lives of plaintiffs.

The defendant answered by general demurrer and general denial, and specially pleaded, in substance, "that at the time of the injury of said minor, and at all times material to this suit, it was a subscriber under the Workmen's Compensation Act, and had complied with all the provisions thereunder, and carried a policy of insurance and indemnity with Globe Indemnity Company, which company, under the authority and direction of the Industrial Accident Board, paid weekly compensation to said minor as required

under the Workmen's Compensation Law until said minor's disabilities of minority were removed, at the consent of plaintiffs, and then they and their son made application to the Industrial Accident Board for full payment in a lump sum to the son, which application was granted, and payment of the award made to him by the insurer, and that by virtue of the Workmen's Compensation Law and the full and final payments thereunder to the son by the insurer, defendant was discharged from any and all liability to plaintiffs, the parents of the injured employee, by reason of his injury."

In reply to this plea plaintiffs by a supplemental petition alleged: "That defendant employed their son in a dangerous and hazardous work, without their consent, and that they were not bound by his contract with defendant, or by any rule of law, such as the Workmen's Compensation Act, which might be read into the contract, and that if their minor son could enter into a valid contract with defendant without their consent so as to bind them by the terms of the Workmen's Compensation Act, then such Act, in so far as it attempts to destroy their vested common law rights to the services of their minor son, is unconstitutional and void, in that it deprives them of property without due process of law, and gives no right of compensation in lieu thereof."

The trial in the court below without a jury resulted in a judgment in favor of plaintiffs for the sum of $1,000.

The evidence shows that plaintiffs' son, Ernest, was seriously and permanently injured by an explosion of dynamite which was being used by a crew of workmen for the defendant, of which the injured son was a member, in making excavation for a pipe line. The evidence further shows that the son, who was then nineteen years old, was employed by appellant upon request of his father, the appellee. The father testified:

"I just asked Mr. Smith if he would get Ernest a job when he opened up that station over there and he said he would and then, well I don't know how hardly—I know when he got over there he refused to put him on right at that time but told him when he had an opening for him he would employ him. Then Rube Harvis put him in the construction gang, cutting out the right-of-way. I don't know how long he worked there, day or two or something like that, when they put him with this dynamite crew.

"As to my consenting to the Houston Pipe Line Company's giving Ernest a job, I state, well, I didn't object so far as working in the station, I didn't object to that. Well, they didn't ask me anything about putting him in the dynamite gang. I would have objected to them putting him with that dynamite crew. I just asked Mr. Smith if he would give Ernest a job, told him Ernest was without a job; asked him would he give him a job when they started that station over there and he said he would.

"There was no discussion as to the character of work that Ernest was to do. Wasn't anything said about what he was to do but I knew the work that Smith was overseeing didn't have anything to do with that.

"As to what kind of work Smith had to do, I state that it was putting up the station, they was just cleaning off the ground, cutting the brush for the right-of-way and pipe line and things like that. I never worked on one of those stations in my life. I don't know a thing in the world about them.

"That was all I did in connection with helping to get the kid a job.

"I never consented for the Houston Pipe Line Company to put Ernest to work on their dynamite gang, and did not know he was on a dynamite gang until after the injury."

On the trial of the case it was stipulated by the parties that if plaintiffs were entitled to recover any compensation from the date of the accident to their son to date of the removal of his disabilities of minority, the recovery should be $1,000; and that if they were entitled to recover thereafter, the recovery therefor should be $2,000. And it was further agreed that defendant was a subscriber under the Workmen's Compensation Act and that full compensation thereunder was paid to plaintiffs' minor son, who was injured while employed generally as a regular employee of defendant, employed when over nineteen years of age, with the consent of plaintiffs, and that the minor's disabilities were removed after he sustained the injuries.

The undisputed evidence fully sustains all of the allegations of defendant's special plea as above stated.

It seems clear to us that upon this state of the record the judgment against appellant in favor of appellees cannot be sustained. Section 3 of article 8306, Revised Statutes of 1925, which article embraces the provisions of the Workmen's Compensation Statutes of this state, provides: "The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for."

There is no uncertainty or ambiguity in this provision of the statute, and it clearly

abrogates any common-law right which appellees might otherwise have to compensation for injuries caused their minor son by the negligence of appellant. There was no illegality or fraud. in the contract of employment of appellees' son by appellant. On the contrary, the contract which was one of general employment was made with the approval and consent of appellee H. H. Beasley, the father of the injured employee. Under this contract the appellant had the right to assign the boy to any character of employment incident to carrying on the work in which it was engaged, however hazardous such employment be, unless prohibited from so doing by a statute of this state. Gilley v. Insurance Co. (Tex. Com. App.) 35 S.W.(2d) 136. There is no statute in this state prohibiting the employment of a minor over sixteen years of age in hazardous work.

Three of the cases cited and relied on by appellees to sustain their contention that they are entitled under the facts of this case to recover from appellant the damages sustained by them through the injury of their son, are: Roxana Petroleum Co. v. Cope, 132 Okl. 152, 269 P. 1084, 60 A. L. R. 837; King v. Viscoloid Co., 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170; Silurian Oil Co. v. White (Tex. Civ. App.) 252 S. W. 569. None of these cases sustain appellees' contention.

In the Oklahoma case there was no evidence showing that the parent had consented to the employment of the minor child, and there was no statute of the state which expressly or by necessary implication abrogated the parent's right to recover damages for the loss of the services of his minor child who had been compensated for its injuries under the employees' compensation statute of that state.

The Massachusetts case is not in point because that state, like the state of Oklahoma, has no statute taking away the right of the parent to sue in cases of this kind. At the time the cause of action arose and the judgment in the White Case was rendered, the amendment to our Workmen's Compensation Statute, which is now section 3 of article 8306 of the Revised Statutes of 1925, the statute above quoted had not taken effect. In the subsequent case of Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768, 773, the same court that delivered the opinion in the White Case held that the present statute "abrogates appellees' common-law right of action, and the trial court did not commit error in sustaining the exception to appellant's pleading charging appellees with negligence. Novack v. Montgomery Ward & Co., 158 Minn. 505, 198 N. W. 294; Gregutis v. Waclark Wire Works, 86 N. J. Law, 610, 92 A. 354; Hilsinger v. Zimmerman Steel Co., 193 Iowa, 708, 187 N. W. 493; Adkins v. Hope Engineering & Supply Co., 81 W. Va. 449, 94 S. E. 506; Buonfiglio v. R.

Neumann & Co., 93 N. J. Law, 174, 107 A. 285."

The cases cited in the Maryland Casualty Company Case fully sustain the conclusions expressed in the opinion of the court just quoted.

■■ We cannot agree with appellees' contention that this construction of the statute renders it unconstitutional in that it takes from appellees their vested property right to the services of their minor child and to compensation for the loss of such services, in violation of sections 13, 16, and 19 of article 1 of our State Constitution, and of section 1 of Amendment 14 of the Constitution of the United States.

The provisions of the Constitutions referred to are those which require "due process of law" for the protection of the citizens against any infringement of their property rights, and forbid the passage of any retroactive laws or law imposing the obligation of contract.

We think none of these constitutional guaranties are infringed by this statute. The appellees by consent to the general employment of the minor in the work in which appellant was engaged waived any right that they might have had to compensation for the loss of the minor's services by injuries he might receive in the course of such employment, save and except such compensation as is provided for therein by the Workmen's Compensation Statute, with the provisions of which they were charged with knowledge.

In addition to this, the common-law right of property of a parent in the services of his minor child only existed in this state by virtue of the Act of the Congress of Texas passed on January 20, 1840, which adopts the common law of England "in so far as it is not inconsistent with the laws of Texas." This statute, which has been brought forward in all revisions of our statutes during the legislative history of the state, is in the following language: "The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature." Rev. St. 1925, art. 1.

■ No one can doubt the authority of the Legislature to alter or repeal any rule of the common law affecting the property or social rights of the citizen, unless such repeal or alteration is obnoxious to the Constitution of the state or of the United States.

It is, we think, clear that none of the constitutional provisions invoked by appellees prohibit the passage of the statute in question. The Legislature had the unquestionable right, in our opinion, to alter the common-law relations between parent and child

in respect to the property rights of the parent in the services of the child during its minority, and the parent's remedy for the enforcement of such rights, in the manner provided by the Workmen's Compensation Statute, without violating any of the cited provisions of the constitution.

These conclusions render unnecessary any statement, discussion, or decision of the other propositions presented by the appellant, and require that the cross-assignment of appellees complaining of the refusal of the trial court to render judgment in their favor for the additional sum of $2,000, for the damages sustained by them for the loss of contributions they would have received from their son after he reached his majority, or was made of age by the removal of his disabilities, be overruled.

We are of opinion that the judgment should be reversed and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.