Elvin MARTIN et ux., Appellants,

v.

The SOUTHLAND CORPORATION, Appellee.

No. 17528.

Court of Civil Appeals of Texas, Dallas.

Feb. 5, 1971.

Rehearing Denied Feb. 26, 1971.

Eugenio Cazorla, Hernandez, Cazorla, Ramirez & Perini, Dallas, for appellants.

David Musslewhite, Atwell, Malouf & Musselewhite, Dallas, for appellee.

BATEMAN, Justice.

Appellants, as the parents of Ricky Martin, a minor, sued Ricky's employer, The Southland Corporation, to recover damages for the loss of his services because of injuries received by him in the course of his employment. The trial court rendered summary judgment for the employer on the ground that Sec. 3, Article 8306, of the Texas Workmen's Compensation Act abrogated appellants' cause of action. We affirm.

Prior to 1923, Sec. 3, Article 8306, Vernon's Ann.Civ.St., read as follows:

"The employees of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for; * * *."

That was the wording of the statute when the cause of action asserted in Silurian Oil Co. v. White, 252 S.W. 569 (Tex. Civ.App., Amarillo 1923, writ ref'd) arose. The fact situation there was quite similar to the one here, and the court affirmed recovery by the parents on the ground that the statute did not, specifically or by implication, take away their common law right of action. That same year the statute was amended to read as follows:

"The employees of a subscriber *and the parents of minor employees* shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for; * * *." (Italics ours.)

Two years later Maryland Casualty Co. v. Scruggs, 277 S.W. 768 (Tex.Civ.App., Amarillo 1925, writ ref'd) was decided; followed in 1932 by Houston Pipe Line Co. v. Beasley, 49 S.W.2d 950 (Tex.Civ.App., Galveston 1932, no writ); both cases having facts similar to those in the case at bar, and both deciding that the amended statute effectively abrogated the parents' common law right of action.

Appellants call attention to the fact that in both *Scruggs* and *Beasley* the fathers of the minor employees had knowledge of the employment and consented thereto, while in *Silurian Oil Co.*, as in this case, the parents did not know of or consent to the employment. They argue that this difference distinguishes this case from *Scruggs* and *Beasley,* and that we should follow *Silurian Oil Co.* They concede that if they had had knowledge of their son's employment appellee's position would be unassailable.

Thus is the scope of the inquiry narrowed. We agree with appellee that the matter of parental knowledge or consent is not controlling and that the very obvious intent of the legislature cannot be subverted by showing merely that the parents did not know of or consent to their minor son's employment. If the legislature had intended such a result it could have easily so provided. It made no such qualification to the positive enactment, and we hold that it appears conclusively from appellants' own pleadings and the summary judgment evidence that appellants had no cause of action, and that appellee was entitled to judgment as a matter of law.

Affirmed.

GUITTARD, J., not sitting.