

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 26, 2003

The Honorable Dib Waldrip
Comal County Criminal District Attorney
150 North Seguin, Suite 307
New Braunfels, Texas 78130

Opinion No. GA-0046

Re: Time at which a vacancy is created under the terms of Local Government Code section 22.010(d) in a type A general-law municipality (RQ-0610-JC)

Dear Mr. Waldrip:

You ask the following question about the creation of vacancies on the governing body of a type A general-law city: "When is a 'vacancy' created or established after two letters of resignation are submitted concurrently so as to require application of the Texas Local Government Code Section 22.010(d) mandating a special election when two vacancies exist on the governing body of a type A general-law municipality?"[1]

On August 28, 2002, the mayor and an alderman of the City of Bulverde ("the City") submitted letters of resignation to the city secretary.[2] Each letter stated that the resignation was effective on August 30, 2002. *See* Galindo Brief, *supra* note 2, at 1. On September 4, 2002, the city council accepted the alderman's resignation and appointed an individual to succeed him until the next municipal election in May 2003. *See id.* at 1. On September 7, 2002, the aldermen met to consider appointing someone to the position of mayor or calling an election, but took neither action. *See id.* at 1-2.

The City of Bulverde is a type A general-law municipality governed by chapter 22 of the Local Government Code. *See id.* at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 22.001 (Vernon 1999). Under section 22.010(a), if there is a single vacancy on the city's governing body, a majority

---

[1]Letter from Honorable Dib Waldrip, Comal County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Sept. 20, 2002) (on file with Opinion Committee) [hereinafter Request Letter]. You also asked a second question about Local Government Code section 22.011 which addresses the circumstances under which the commissioners court of the county may order an election to fill a vacancy in a municipal office. *See* Request Letter at 1, 4. By letter of October 1, 2002, you informed us that the City of Bulverde had held an election under this provision, and you withdrew the question as moot. *See* Letter from Honorable Dib Waldrip, Comal County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Oct. 1, 2002) (on file with Opinion Committee).

[2]Brief from Mayo J. Galindo, attorney for the City of Bulverde, to Honorable John Cornyn, Texas Attorney General, at 1 (Sept. 24, 2002) (on file with Opinion Committee) [hereinafter Galindo Brief].

of the remaining members, excluding the mayor, may fill it by appointment unless an election is required by article XI, section 11 of the Texas Constitution. *See* TEX. LOC. GOV'T CODE ANN. § 22.010(a) (Vernon 1999). This constitutional provision authorizes a city to provide for a longer term than two years for its officers and, if it does so, requires it to fill all vacancies on its governing body by election. *See* TEX. CONST. art. XI, § 11; *see also* Tex. Att'y Gen. Op. No. JC-0403 (2001) at 2. The aldermen of the City serve terms of two years. *See* Galindo Brief, *supra* note 2, at 2. Thus, the City of Bulverde is not subject to the constitutional requirement that vacancies on the governing body be filled by election. However, as you point out, under section 22.010(d), "[i]f two or more vacancies on the governing body exist at the same time, a special election shall be ordered to fill the vacancies." TEX. LOC. GOV'T CODE ANN. § 22.010(d) (Vernon 1999); *see also* Request Letter, *supra* note 1, at 1-2. Accordingly, you ask whether the city council may avoid holding an election to fill two vacancies as required by section 22.010(d) by first accepting one resignation and delaying its acceptance of the other resignation until after the council has filled the vacancy created by its first acceptance. In this way, no more than one vacancy would exist at a time.

Local Government Code section 22.012 governs the resignation of an officer elected or appointed under chapter 22. An officer "may resign by submitting the resignation in writing to the governing body." TEX. LOC. GOV'T CODE ANN. § 22.012 (Vernon 1999). "The resignation is subject to the approval and acceptance of the governing body." *Id.* Under common law, the resignation of a public officer is not effective until it has been accepted by the person or entity having the authority to appoint a successor. *See Sadler v. Jester*, 46 F. Supp. 737, 740 (N.D. Tex. 1942); *Sawyer v. City of San Antonio*, 234 S.W.2d 398, 401 (Tex. 1950). On the basis of this common-law rule and the predecessor of Local Government Code section 22.012, Attorney General Opinion MW-401 (1981) concluded that the city council of a general-law city may refuse to accept one of two resignations submitted by council members in order to avoid holding an election to fill the vacancies. *See* Tex. Att'y Gen. Op. No. MW-401 (1981) at 2. However, the common-law rule and Local Government Code section 22.012, as well as the conclusion of Attorney General Opinion MW-401 which relied on these authorities, have been modified by the Election Code. *See* Tex. Att'y Gen. Op. No. DM-406 (1996) at 1.

Section 201.001(a) of the Election Code provides that a public officer's resignation, to be effective, must be in writing, signed by the officer, and delivered to the appropriate authority for acting on the resignation. *See* TEX. ELEC. CODE ANN. § 201.001(a) (Vernon Supp. 2003). "The authority may not refuse to accept a resignation." *Id.* For purposes of an election to fill a vacancy in office, a vacancy occurs at the time prescribed by subchapter B, Election Code chapter 201. *See id.* § 201.021; *see also State v. Hardberger*, 932 S.W.2d 489, 492 (Tex. 1996). Section 201.023 is the provision in subchapter B that determines when a vacancy is created by resignation: "If an officer submits a resignation, whether to be effective immediately or at a future date, a vacancy occurs on the date the resignation is accepted by the appropriate authority *or on the eighth day* after the date of its receipt by the authority, whichever is earlier." TEX. ELEC. CODE ANN. § 201.023 (Vernon Supp. 2003) (emphasis added).

The Election Code "supersedes a conflicting statute outside this code unless this code or the outside statute expressly provides otherwise." *Id.* § 1.002(b) (Vernon 1986). Local Government

Code section 22.012 does not "provide[] otherwise." *Id.* Thus, to the extent that Local Government Code section 22.012 is inconsistent with Election Code section 201.023, the latter statute prevails and applies to resignations received from members of the Bulverde City Council. Thus, a vacancy on the city council is created on the eighth day after the city receives the officer's resignation, unless the city council accepts it before then. As a result, when two city council members resign simultaneously, the city council has a short time period during which it may accept one resignation and fill the vacancy created by that resignation, temporarily delaying acceptance of the other resignation to avoid having two vacancies on the city council at the same time.

You suggest that the Texas Supreme Court held section 201.023 of the Election Code unconstitutional in *State v. Hardberger*, and that the city council could not rely on this statute to define the existence of a vacancy upon submission of a resignation. *See* Request Letter, *supra* note 1, at 2. Before we address *Hardberger*, we point out that even if section 201.023 were invalid, the City could have relied on Local Government Code section 22.012 and the common law as construed in Attorney General Opinion MW-401 (1981) to delay accepting one of the two resignations until it filled the first vacancy. Thus, it still could have avoided holding an election under section 22.010(d). Section 201.023 limits this power only to the extent that it provides that a resignation creates a vacancy eight days after it is submitted unless sooner accepted by the city council.

*Hardberger* addressed the application of Election Code section 201.023 to an appellate judge who advised the governor by letter of his intention to resign his office six months in the future. *See Hardberger*, 932 S.W.2d at 490. The governor, believing the resignation to be effective by statute eight days after he received it, appointed another person to fill the unexpired term until the next general election. *See id.* The incumbent refused to vacate his office, and the State sought a writ of quo warranto. *See id.* The Texas Supreme Court held that Election Code section 201.023 was unconstitutional as applied to the circumstances before it. First, the statute unconstitutionally restricted the incumbent judge's six-year term of office as prescribed by article V, section 2 of the Texas Constitution. *See id.* at 492. Second, in answer to the argument that section 201.023 created a vacancy solely for purposes of triggering an election before an actual vacancy existed, the court found that if section 201.023 were given this construction, it would redefine the constitutional term "vacancy" and thereby unconstitutionally infringe upon the governor's appointment power under Texas Constitution article V, section 28. *See id.* at 493, 495. The Election Code provision was unconstitutional as applied to the circumstances presented to the court. *See id.* at 495.

Section 201.023 may be applied to a member of the Bulverde City Council without violating any constitutional provision. The terms of office and the filling of vacancies on the Bulverde City Council are governed by common law and by statute, subject to Texas Constitution, article XVI, section 30, which provides that "[t]he duration of all offices not fixed by this Constitution shall never exceed two years." TEX. CONST. art. XVI, § 30. Unlike Texas Constitution article V, section 2 addressed in *Hardberger*, article XVI, section 30 does not set a term for municipal officers but instead imposes a two-year limit on the term that the legislature may establish. *See Bonner v. Belsterling*, 138 S.W. 571, 575 (Tex. 1911); *In re Saenz*, 990 S.W.2d 461, 463-64 (Tex. App.–Corpus Christi, 1999 no writ). Thus, Election Code section 201.023 may be applied to members of the Bulverde City Council without violating article XVI, section 30. The legislature has

the power to make, amend, and repeal laws subject only to limitations imposed by the state and federal constitutions. *See Walker v. Baker*, 196 S.W.2d 324, 328 (Tex. 1946). Furthermore, it may change the common law. *See Tex. Workers' Comp. Ins. Fund v. Del Indus.*, 35 S.W.3d 591, 596 (Tex. 2000) (where the common law is revised by statute, the statute controls); *Houston Pipe Line Co. v. Beasley*, 49 S.W.2d 950, 952 (Tex. Civ. App.–Galveston 1932, no writ) (legislature may alter or repeal rule of common law within constitutional bounds). Thus, the legislature had the authority to modify Local Government Code section 22.012 and the common-law rule on the acceptance of resignations by adopting section 201.023 of the Election Code. Accordingly, Election Code article 201.023 may constitutionally be applied to resignations of members of the Bulverde City Council.

We conclude, in answer to your question, that a vacancy in the city council of a type A general-law city would occur on the date the resignation is accepted by the city council or on the eighth day after the date the city receives the resignation, whichever is earlier. *See* TEX. ELEC. CODE ANN. § 201.023 (Vernon Supp. 2003). The Bulverde City Council may time its acceptance of the resignations to avoid holding an election to fill two vacancies pursuant to Local Government Code section 22.010(d). To do so, the city council must fill one vacancy before the other vacancy occurs on the eighth day after the city receives the resignation. Attorney General Opinion MW-401 (1981) is modified by legislation as stated in this opinion.

## S U M M A R Y

Pursuant to section 201.023 of the Election Code, a vacancy would occur on the city council of a type A general-law city when the resignation is accepted by the city council or on the eighth day after the date the city receives the resignation, whichever is earlier. Assuming that city council members serve two-year terms so that vacancies on council are not required to be filled by election pursuant to Texas Constitution article XI, section 11, the city council may time its acceptance of the resignations to avoid holding an election to fill two vacancies pursuant to Local Government Code section 22.010(d). To do so, it must fill one vacancy before the other vacancy occurs on the eighth day after the city receives the resignation. Attorney General Opinion MW-401 (1981) is modified by legislation as stated in this opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee