FELICE BUONFIGLIO, RESPONDENT, *v.* R. NEUMANN & COMPANY, APPELLANT.

Argued March 6, 1919—Decided June 20, 1919.

Where a father permitted his minor son to work for defendant without giving the notice that the provisions of section 2 of the Workmen's Compensation act were not intended to apply, he accepted the provision of the statute and thereby surrendered his right to any other method or form of compensation than that therein provided.

On appeal from the Supreme Court.

For the respondent, *Edward Stover.*

For the appellant, *Isidor Kalisch.*

The opinion of the court was delivered by

SWAYZE, J.   This action is brought by a father for pecuniary loss to him caused by an injury to his minor son, a lad sixteen years of age. The son was in the employ of the defendant, to whose negligence the injury is attributed.

There was no express statement in writing or written notice that the provisions of section 2 of the Workmen's Compensation act were not intended to apply, and, pursuant to paragraph 8, the parties are presumed to have accepted the provision of section 2, and to have agreed to be bound thereby. That the father was one of the parties so bound in the present case is shown by the fact that he received his son's wages. The question raised is whether the Workmen's Compensation act furnishes the sole rule of compensation or whether the father has the same right of action he would have had at common law. The question turns on the provisions of the statute. Paragraph 8 enacts that the "agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in section 2 of this act." This express language settles the question adversely to the plaintiff. It distinguishes the case from *King v. Vicoloid Company,* 106 *N. E. Rep.* 988. The right of the legislature to prescribe these implied, or, we should rather say, statutory contracts, has been settled. *American Radiator Co. v. Rogge,* 86 *N. J. L.* 436; *affirmed,* 87 *Id.* 314; *Iletzel, Jr., v. Wasson Piston Ring Co.,* 89 *Id.* 201; *Young v. Sterling Leather Works,* 91 *Id.* 289.

When the plaintiff, in the present case, permitted his son to work for the defendant without giving the notice which he might have given, he accepted the provisions of the statute and thereby surrendered his right to any other method or form of compensation.

The judgment must be reversed, to the end that there may be a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.