HOLGER NOVACK v. MONTGOMERY WARD & COMPANY.[1]

March 28, 1924.

No. 23,903.

**No common law action by parent of minor for services since Compensation Act.**
1. The Workmen's Compensation Act destroys the parent's common law action to recover for loss of services of an injured minor child, who is an employe, and for the expenses incurred incident to such injuries.

**Common law right surrendered by failure of employe to elect not to be bound by part 2 of act.**
2. If the parent desires to retain the common law remedy, he may cause an election to be made by the employe not to be bound by part 2 of the act; and, if he fails to cause such election to be made, he accepts the provisions of the statute, and thereby surrenders his right to any other method or form of compensation.

**Compensation act excludes other remedies.**
3. When the compensation act applies, it is exclusive of all other remedies.

Action in the district court for Ramsey county to recover $4,400 for expenses incurred, and loss of earnings during her minority, by reason of injuries received by plaintiff's daughter while in defendant's employ. From an order, Hanft, J., sustaining defendant's demurrer to the amended complaint, plaintiff appealed. Affirmed.

*George G. Chapin*, for appellant.
*Ernest E. Watson*, for respondent.

WILSON, C. J.
The facts in this case appear in the case of Holger Novack, as father and natural guardian of Gudrund Novack, a minor v. Montgomery Ward & Company, supra, page 495, which determines all the questions here involved except as hereinafter mentioned.

[1]Reported in 198 N. W. 294.

We have, however, an additional question involved in this case, even though it has already been determined in the other action that the minor in her employment was within the provisions of the Workmen's Compensation Act; and that is, as to whether or not this act has destroyed the parent's common law action to recover for loss of service and for expenses incident to such injuries.

Section 9, chapter 82, p. 92, Laws 1921, says that "if both employer and employe, shall, by agreement expressed or implied or otherwise * * * become subject to part 2 of the act * * * compensation * * * shall be paid." Section 10 reads as follows:

"Such agreement or the election hereinafter provided for shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in part 2 of this act, and an acceptance of all the provisions of part 2 of this act, and shall bind the employe himself, and for compensation for his death shall bind his personal representative, the surviving spouse and the next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency, for compensation for death or injury, as provided for by part 2 of this act."

The compensation act also provides for medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus including artificial members. Section 19.

Section 13, chapter 82, p. 93, Laws 1921, reads as follows:

"Minors who are permitted to work by the laws of this state shall, for the purpose of part 2 of this act, have the same power to contract, make election of remedy, make settlements, and receive compensation as adult employes; subject, however, to the power of the Industrial Commission, in its discretion at any time to require the appointment of a guardian to make such settlement and to receive moneys thereunder or under an award."

These provisions of the Workmen's Compensation Act are not really consistent with the idea of the parent now having the right

to maintain this common law action, which the father is here trying to prosecute. In fact this language and provisions are absolutely inconsistent with the father now having any such right. It takes from the parent the necessity to collect the expenses; it takes away from the minor his incapacity to contract, and gives to him, in reference to the subject, the powers of an adult; it requires a surrender of all other claim for compensation. The only reasonable construction is that the employe has surrendered all his common law remedies. It is claimed that, even if the minor can waive the cause of action which he personally has at common law, this cannot affect the other right of action, that of the parent.

True, the right of action in each case rests upon the same foundation. However, the parent's common law action is to recover a loss, namely, expense which he has been put to by reason of the injury, and the loss of service. This act cares for the expenses and it clothes the minor with the authority of an adult and then gives a substituted compensation for all common law remedies. In considering the father's claim, it must be kept in mind that this law contemplates a reciprocal yielding and giving up of rights existing at common law for the new and enlarged rights and remedies given by the compensation act. This is in a measure compulsory legislation, but the legislature was within its authority, considering the purpose sought. If the parent desires to retain the common law remedies, he may cause an election to be made by the employe not to be bound by part 2. Section 11.

When the compensation act applies, as it does here, it is exclusive of all other remedies. Hyett v. N. W. Hospital, 147 Minn. 413, 180 N. W. 552.

We are not unmindful that the supreme court of Massachusetts has, under the compensation statute of that state, arrived at a result different than we have. King v. Viscoloid Co. 219 Mass. 421, 106 N. E. 988, Ann. Cas. 1916D, 1170. The Massachusetts act does not contain the substance of section 10 and section 13 of our statute, and we think this distinction may wholly account for the diversity of opinion between that court and this.

The Workmen's Compensation Statute in the state of New Jersey. provides that there "shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided" in their act, and the supreme court of that state has held that such a provision, which in substance is the same as the provision in our own act, distinguishes their act from the Massachusetts act, and takes from the father his common law action of the character here involved. Buonfiglio v. R. Neumann & Co. 93 N. J. Law, 174, 107 Atl. 285. This New Jersey case cites numerous authorities to sustain the right of the legislature to prescribe these statutory contracts.

When the statute put the minor in the adult class, it removed the only basis on which the parent's right of action could be founded, and gave to the minor the right to do for himself all of the things which the parent could do for him.

Our conclusion is that when the father in this case permitted his minor daughter to work for defendant, without electing not to be bound by the compensation act as he might have done, he accepted the provisions of the statute, and thereby surrendered his right to any other method or form of compensation.

Our conclusion seems amply sustained by authority. Such statutes may properly abrogate the parent's common law action. Wall v. Studebaker Corporation, 219 Mich. 434, 189 N. W. 58; Buonfiglio v. Neumann, 93 N. J. Law 174, 107 Atl. 285; Hartman v. Unexcelled Mnfg. Co. 93 N. J. Law, 418, 108 Atl. 357; Brost v. Whitall-Tatum Co. 89 N. J. Law, 531, 99 Atl. 315, L. R. A. 1917D, 71; Hetzel v. Wasson Piston Ring Co. 89 N. J. Law, 201, 98 Atl. 306, L. R. A. 1917D, 75; Linnane v. Aetna Brewing Co. 91 Conn. 158, 99 Atl. 507, L. R. A. 1917D, 77, 80; Adkins v. Hope Engineering & Supply Co. 81 W. Va. 449, 94 S. E. 506; Hilsinger v. Zimmerman Steel Co. 193 Iowa, 708, 187 N. W. 493.

The legislature may change, modify or entirely abrogate the parent's right to collect for the services of his minor child; or, it may substitute in lieu thereof another more or less comprehensive, speedy and convenient mode of obtaining compensation for such services.

The order sustaining the demurrer in this action is affirmed.