**BROWN**

v.

**CURTIN & JOHNSON, Inc.**

Civ. A. No. 716-51.

United States District Court
District of Columbia.

Jan. 22, 1954.

George B. Parks and Walter Washington, Washington, D. C., for plaintiff.

Frank R. Roberson, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The defendant moves for a directed verdict on the basis of the opening statement of counsel for the plaintiff.

This action is brought by the widow of a man who is claimed to have died as a result of the negligence of the defendant. The widow is receiving compensation for the death under the provisions of the Workmen's Compensation Act, D.C.Code 1951, §§ 36–501, 36–502, 33 U.S.C.A. §§ 901 et seq. 901 note. She brings this action to recover, in addition to the compensation awarded under that statute, damages for loss of consortium.

It is well established in the District of Columbia that damages for wrongful death are limited to the pecuniary loss sustained by the dependents of the deceased. In cases of wrongful death there can be no recovery for mental anguish or for any other item except such items as constitute a pecuniary or financial loss. United States Electric Lighting Co. v. Sullivan, 22 App.D.C. 115.

It is claimed by the plaintiff, however, that the case of Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 819, 23 A.L.R.2d 1366, has introduced a new principle, in fact, an innovation, into the law by permitting the wife to sue for loss of consortium resulting from personal injuries sustained by the husband.

At common law the husband could sue for loss of consortium resulting from personal injuries sustained by his wife, but he could not maintain such an action in case his wife was killed by a negligent act of a defendant. Under Lord Campbell's Acts, damages for wrongful death are limited to pecuniary losses, as has just been stated.

The purpose of the Hitaffer case was to equalize the rights of the wife and the husband. It was an enlightened advance on the common law. Judge Clark, for whom this Court has a high regard, in his opinion in that case summarized his discussion in the following manner:

"* * * a wife has a cause of action for loss of consortium due to a negligent *injury* to her husband."[1]

While the loss is just as great, in fact, greater in the case of death than, perhaps, in the case of an injury not resulting in death, the fact remains that we are confronted with the rule that in case of death there can be no recovery by the surviving spouse except for pecuniary losses.

It is the opinion of this Court that the doctrine of the Hitaffer case is not to be extended to death cases but is to be limited only to actions for damages for personal injuries.

Then there is another point involved in this case. It is the view of the Court that the liability of an employer who is insured under the Workmen's Compensation Act, is limited to the amount of damages prescribed. The liability of the employer under the Act is exclusive. The very purpose of the Workmen's Compensation Act is to substitute fixed payments for personal in-

juries sustained or death caused in the course of employment, for the common-law cause of action for damages.

On the one hand, the employee is assured compensation irrespective of the employer's fault. On the other hand, the employer is liberated from an indefinite liability if he carries insurance to compensate the injured employee or his dependents for personal injuries or death. To extend the doctrine of the Hitaffer case to death cases, especially those involving death sustained by an employee in the course of his employment, and permit suit to be brought for loss of consortium against an employer, would tend to nullify the spirit and the purpose of the Workmen's Compensation Act.

In view of these considerations, the Court directs a verdict in favor of the defendant.