# MARGARET HARTMAN v. COLD SPRING GRANITE COMPANY.

77 N. W. (2d) 651.

June 22, 1956—No. 36,961.

*Lauerman, Johnson & Gustafson,* for appellant.

*Henry Halladay, Gregg Orwoll, William J. Erickson, Dorsey, Owen, Barker, Scott & Barber,* and *Francis W. Russell,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from a summary judgment entered in favor of defendant.

On or about August 16, 1949, Edmund C. Hartman, while employed by defendant, was seriously injured in the course of his employment. He was awarded workman's compensation benefits by the Industrial Commission. The award was affirmed here. Hartman v. Cold Spring Granite Co. 243 Minn. 264, 67 N. W. (2d) 656. The facts relating to the accident and injury are stated sufficiently in our opinion in that case.

Plaintiff in this action was then, and still is, the wife of Hartman. Subsequent to the award of compensation to Hartman, she commenced this action alleging that because of Hartman's injuries, which were caused by the negligence of defendant, he was rendered

impotent. She sues to recover for loss of consortium. On motion of defendant, the court granted summary judgment.

Two questions are presented for our determination: (1) Does plaintiff have a right of action at all to recover for loss of consortium? (2) If she has such right, is it barred by our Workmen's Compensation Act?

The first question above has heretofore been decided adversely to plaintiff in Eschenbach v. Benjamin, 195 Minn. 378, 263 N. W. 154.[1] That decision is in harmony with the great weight of authority. The cases are collected and reviewed exhaustively in Annotation, 23 A. L. R. (2d) 1378. It would serve no useful purpose to further review the cases here.

Prior to the case of Hitaffer v. Argonne Co. Inc. 87 App. D. C. 57, 183 F. (2d) 811, 23 A. L. R. (2d) 1366, certiorari denied, 340 U. S. 852, 71 S. Ct. 80, 95 L. ed. 624, the authorities were unanimously in harmony with Restatement, Torts, § 695, which reads:

"A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband."

In that case, under facts strikingly similar to those involved here, the court, while recognizing that it stood alone, held that a wife should not be denied the right to sue in a common-law action for loss of consortium caused by the negligence of an employer of her husband and that the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 USCA, § 901, et seq., which is substantially the same as our Workmen's Compensation Act, did not bar such action. While there is much logic in the reasoning of the court on the first question stated above and much criticism of the rule discarded by that court,[2] we think it is clear that, under our Workmen's Compensation Act, regardless of what the decision was

[1]See, 20 Minn. L. Rev. 226.
[2]See, Prosser, Torts (2 ed.) § 104, p. 703, et seq.

to be on the right of a woman to sue for loss of consortium of her husband, the action cannot be maintained.

The pertinent portion of our Workmen's Compensation Act reads as follows:

M. S. A. 1949, § 176.02. "* * * All employers and employees, except those excluded by section 176.05, and those professional baseball players who have elected not to be bound by the provisions hereof, as hereinbefore set forth, shall be subject to the provisions of the workmen's compensation act, and every such employer shall be liable for compensation, medical and other benefits according to the schedules of the workmen's compensation act, and all acts amendatory thereof and supplementary thereto, and pay compensation in every case of personal injury or death of his employee, caused by accident arising out of and in the course of the employee's employment without regard to the question of negligence, except injury or death which is intentionally self-inflicted or when the intoxication of such employee is the natural or proximate cause of the injury, and the burden of proof of such fact shall be upon the employer."

The pertinent portion of M. S. A. 1949, § 176.04, reads as follows:

"The liability of an employer prescribed by sections 176.02 and 176.03 shall be exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parents, child or children, dependents or next of kin, or any other person entitled to recover damages at common law or otherwise on account of such injury or death, * * *."

. On the question of whether Workmen's Compensation Acts, of the same nature as our act, bar the right of a spouse to sue for loss of consortium of an injured spouse, no appellant court has been willing to follow the decision in Hitaffer v. Argonne Co. Inc. *supra*, as far as we have been able to find. Many courts, both before[3] and after[4]

---

[3]Cf. Holder v. Elms Hotel Co. 338 Mo. 857, 92 S. W. (2d) 620, 104 A. L. R. 339; Sharp v. Producers Produce Co. 226 Mo. App. 189, 47 S. W. (2d) 242; McVey v. Chesapeake & Potomac Tel. Co. 103 W. Va. 519, 138 S. E. 97; Swan v. F. W. Woolworth Co. 129 Misc. 500, 222 N. Y. S. 111.

[4]Guse v. A. O. Smith Corp. 260 Wis. 403, 51 N. W. (2d) 24; Ash v. S. S. Mullen, Inc. 43 Wash. (2d) 345, 261 P. (2d) 118; Stainbrook v.

that decision, have held the opposite way. Text and note writers as well disagree with the decision.[5] The Circuit Court for the Tenth Circuit refused to follow it. Underwood v. United States (10 Cir.) 207 F. (2d) 862. The same court which decided the Hitaffer case has refused to extend it to cases in which the injured person died,[6] and, in fact, the case of Brown v. Curtin & Johnson, Inc. 95 App. D. C. 234, 221 F. (2d) 106,[7] has cast some doubt upon the future status of that decision on the issue now before us. In that case the court said (95 App. D. C. 235, 221 F. [2d] 108):

"Appellee suggests that we consider whether Hitaffer was erroneously decided, insofar as it declined—on the facts there presented—to give effect to the exclusive liability provisions of the Compensation Act. Powerful arguments are advanced on the point, some of a nature not put before us when Hitaffer was argued. It will be time enough for us to consider them, however, when a case reaches us in which resolution of the point is necessary to a decision."

While this question has not been decided heretofore under our present compensation act, a similar question was involved in Novack v. Montgomery Ward & Co. 158 Minn. 505, 198 N. W. 294,[8] under our former compensation act. In that case a minor daughter of plaintiff recovered benefits under the then Workmen's Compensation Act. Thereafter, the father sued for recovery for loss of services. We held that he could not recover, saying in the opinion (158 Minn. 507, 198 N. W. 295):

Johnson County Farm Bureau, Co-op. Assn. 125 Ind. App. 487, 122 N. E. (2d) 884; Napier v. Martin, 194 Tenn. 105, 250 S. W. (2d) 35; Bevis v. Armco Steel Corp. 156 Ohio St. 295, 102 N. E. (2d) 444; Garrett v. Reno Oil Co. (Tex. Civ. App.) 271 S. W. (2d) 764; Danek v. Hommer, 9 N. J. 56, 87 A. (2d) 5.

[5]2 Larson, Workmen's Compensation Law, § 66.20; 36 Cornell L. Q. 148; 35 Minn. L. Rev. 423.

[6]See, also, O'Neil v. Shelton Bros. Trucking Co. Inc. (D. D. C.) 116 F. Supp. 654.

[7]In District Court, 117 F. Supp. 830.

[8]See, 9 Minn. L. Rev. 80.

"When the compensation act applies, as it does here, it is exclusive of all other remedies."

Even if we could be persuaded to adopt a change in the rule of law forbidding an action by the wife for loss of consortium of her husband, which has its roots in the common law and is based on court decisions, we have no such power to change our statutory law by adopting a rule contrary to the plain meaning of our statute. The rights and obligations of employee and employer who come under our workmen's compensation law, as well as all others who have any right of action on account of the injury of the employee, are governed by our statute. If there is to be any change in that law, the remedy lies with the legislature, not with the courts. We are of the opinion that the trial court was clearly right in granting summary judgment on this issue and that, regardless of what the law is with respect to the right of a wife to sue for loss of consortium of her husband, plaintiff cannot prevail here.

Affirmed.