## THERESE M. THILL v. MODERN ERECTING COMPANY AND OTHERS.

170 N. W. (2d) 865.

September 19, 1969—No. 41337.

*DeParcq, Anderson & Perl, William H. DeParcq,* and *Richard G. Hunegs,* for appellant.

*Faegre & Benson* and *Wright W. Brooks,* for respondent Modern Erecting Company.

*Kain & Kressel* and *John G. Kressel,* for respondent Johnson, Drake & Piper, Inc.

*Robb, Robb & Van Eps* and *Douglas Dale Reid, Jr.,* for respondent J. L. Shiely Company.

*Hoppe & Healy* and *Robert J. Healy,* for respondent Jesco, Inc.

PETERSON, JUSTICE.

Plaintiff, Therese M. Thill, whose husband, Edward L. Thill, sustained personal injuries in an industrial accident, appeals from a summary judgment dismissing her claim for loss of consortium against these corporate defendants: Johnson, Drake & Piper, Inc. (Johnson); Modern Erecting Company (Modern); Jesco, Inc. (Jesco); and J. L. Shiely Company (Shiely).

Edward Thill was injured when a truck crane moving a bucket-load of ready-mixed concrete at a construction site tipped over on him, rendering him a permanent paraplegic. In his own action, commenced against the four defendants in 1960, a jury by special verdict found Johnson and Modern causally negligent but found Jesco and Shiely not negligent. The special verdict returned against Johnson and Modern was $642,000. The trial court conditionally reduced that award to $375,000, which Edward accepted. A cross-claim of Johnson against Modern and Jesco for indemnity was at the same time denied. Upon the appeal of Johnson and Modern from an order denying their alternative motions for judgment notwithstanding the verdict or for a new trial, we affirmed. Thill v. Modern Erecting Co. 272 Minn. 217, 136 N. W. (2d) 677. Therese, plaintiff in the instant case,

thereafter independently instituted her separate action against the same defendants for her permanent loss of consortium. Plaintiff alleges that by reason of her husband's injuries she has suffered "a permanent loss of consortium and has been totally deprived of his companionship, comfort, aid, assistance, sexual relations and conjugal society, and has been caused to suffer and sustain great mental pain and anguish which will continue in the future." No action has been instituted on behalf of the Thill children.[1]

1. The basic issue in this case is whether we should adhere to the rule, otherwise rightly applied by the trial court, that a wife has no action for her own loss of consortium as a result of negligent injury to her husband. Eschenbach v. Benjamin, 195 Minn. 378, 263 N. W. 154. See, also, Hartman v. Cold Spring Granite Co. 247 Minn. 515, 77 N. W. (2d) 651, and State Farm Mutual Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 122 N. W. (2d) 36, which, in different contexts, reiterate the rule.

"Consortium," as a general description, represents reciprocal rights inherent in the marital relationship of husband and wife, including such undefined elements as comfort, companionship, and commitment to the needs of each other.[2] Its "predominant

---

[1] Edward is 40 years of age and Therese is 31. They have five children, all under the age of seven years at the time of the accident in 1960.

[2] Mr. Justice Keating has described "consortium" in Millington v. Southeastern Elev. Co. 22 N. Y. (2d) 498, 503, 293 N. Y. S. (2d) 305, 308, 239 N. E. (2d) 897, 899, in these words: "* * * It is the interest which may have turned a happily married woman into a life-long nurse and deprived her of the opportunity of rearing children. Disparagingly described as 'sentimental' or 'parasitic' damages, the mental and emotional anguish caused by seeing a healthy, loving companionable mate turned into a shell of a person is real enough. * * * The loss of companionship, emotional support, love, felicity and sexual relations are real injuries. * * * There may not be a deterioration in the marital relationship, but it will certainly alter it in a tragic way." Such descriptions are too expansive. It may at least be doubted that "love" itself, as expressed in the traditional marriage vows, is altered by sickness or injury.

element," however, as more specifically described by plaintiff's counsel, is "the loss of sexual relationship," presumably including frustration of man's primal drive of reproduction. The predominance of this element tends both to exclude claims asserted by children for injury to a parent and to avoid excessive appeal to sentimentality. The marital relationship is a wholeness, so, except only as we have emphasized a specific facet of it, attempts otherwise to single out its elements for the assessment of damages would be inappropriate.

We have, since the Eschenbach case was decided in 1935, held that "neither wife nor children have a cause of action for an injury inflicted upon the husband and father, that right being strictly limited to the injured party." 195 Minn. 379, 263 N. W. 155. Even though the wife has a right of action against a third person who intentionally invades her right of consortium, as in the case of alienation of affections, we have until today denied her a cause of action for negligent injury to such right. The rationale has been that, unlike the alienation of affections, the injury resulting from the negligent act of a third person is remedied by the husband's own action for the recovery of loss to his earning capacity and that an additional action by the wife would probably result in double damages. It would, we concluded in Eschenbach, result in "litigation almost without end, all based upon a single tort and only one individual physically involved in the accident itself." 195 Minn. 380, 263 N. W. 155.

The Eschenbach rule accorded with the virtually unanimous rule in other jurisdictions at the time, but since then there has developed a marked division of authority. Starting in 1950 with Hitaffer v. Argonne Co. 87 App. D. C. 57, 183 F. (2d) 811, 23 A. L. R. (2d) 1366, certiorari denied, 340 U. S. 852, 71 S. Ct. 80, 95 L. ed. 624, the wife's right to maintain an action for loss of consortium is now recognized in numerous jurisdictions.[3] This

---

[3] Missouri P. Transp. Co. v. Miller, 227 Ark. 351, 299 S. W. (2d) 41; Yonner v. Adams, 53 Del. 229, 167 A. (2d) 717; Brown v. Georgia-Tennessee Coaches, Inc. 88 Ga. App. 519, 77 S. E. (2d) 24; Dini v. Naiditch,

results from recognition of the equal status of the partners in the marriage relationship and a rejection of the medieval concept that the husband had a proprietary right to his wife's services, mainly domestic service, but that the wife, as the property of her husband, had no reciprocal right to his. As Dean Prosser summed it up in his treatise, Law of Torts (3 ed.) § 119, p. 917: "The loss of 'services' is an outworn fiction, and the wife's interest in the undisturbed relation with her consort is no less worthy of protection than that of the husband." A few states, agreeing with the Hitaffer premise, have neatly resolved the issue by simply abrogating the husband's own action for consortium.[4] Others have adhered to their pre-Hitaffer rule, viewing the husband's right of consortium as a historic anomaly too deeply imbedded in tort law to alter but too hazardous of duplicate recovery for extension.[5] These various rules, supported as they are by impres-

20 Ill. (2d) 406, 170 N. E. (2d) 881, 86 A. L. R. (2d) 1184; Acuff v. Schmit, 248 Iowa 272, 78 N. W. (2d) 480; Montgomery v. Stephan, 359 Mich. 33, 101 N. W. (2d) 227; Novak v. Kansas City Transit, Inc. (Mo.) 365 S. W. (2d) 539; Duffy v. Lipsman-Fulkerson & Co. (D. Mont.) 200 F. Supp. 71; Cooney v. Moomaw (D. Neb.) 109 F. Supp. 448; Ekalo v. Constructive Serv. Corp. of America, 46 N. J. 82, 215 A. (2d) 1; Millington v. Southeastern Elev. Co. *supra;* Ellis v. Fallert, 209 Ore. 406, 307 P. (2d) 283; Hoekstra v. Helgeland, 78 S. D. 82, 98 N. W. (2d) 669; Moran v. Quality Aluminum Casting Co. 34 Wis. (2d) 542, 150 N. W. (2d) 137. See generally, Note, 61 Col. L. Rev. 1341; Annotation, 23 A. L. R. (2d) 1378.

[4] West v. City of San Diego, 54 Cal. (2d) 469, 6 Cal. Rptr. 289, 353 P. (2d) 929; Marri v. Stamford St. R. Co. 84 Conn. 9, 78 A. 582, 33 L. R. A. (N.S.) 1042; Bolger v. Boston Elevated R. Co. 205 Mass. 420, 91 N. E. 389; Helmstetler v. Duke Power Co. 224 N. C. 821, 32 S. E. (2d) 611; Martin v. United Elec. Rys. Co. 71 R. I. 137, 42 A. (2d) 897; Carey v. Foster (4 Cir.) 345 F. (2d) 772.

[5] Smith v. United Const. Workers, Dist. 50, 271 Ala. 42, 122 So. (2d) 153; Jeune v. Del E. Webb Const. Co. 77 Ariz. 226, 269 P. (2d) 723; Franzen v. Zimmerman, 127 Colo. 381, 256 P. (2d) 897; Ripley v. Ewell (Fla.) 61 So. (2d) 420; Miller v. Sparks, 139 Ind. App. 148, 189 N. E. (2d) 720; Hoffman v. Dautel, 192 Kan. 406, 388 P. (2d) 615; Baird v. Cincinnati, N. O. & Tex. P. R. Co. (Ky. App.) 368 S. W. (2d) 172; Potter v. Schafter, 161 Maine 340, 211 A. (2d) 891; Simpson v. Poindexter, 241

sive authority, are not so much based upon logic or constitutional mandate[6] as they are upon a determination of the judicial sense of public policy.

The rule that we establish today is that the wife of a husband injured as the direct result of the negligence of another shall have a right of action against that same person for her loss of consortium, subject to these essential conditions: (a) Because we hold her right of action to be a derivative right, she may recover only if her husband recovers from the same defendant;[7] (b) because we deem it an indispensable safeguard against the danger of double recovery, she will have her cause of action only if it is joined for trial with the husband's own action against the same defendant; and (c) because the wife's action for lost consortium is so much based upon impairment of marital relationship, were it to continue in the future, any award for her loss of consortium shall be joined in judgment with that of her husband, except only if she shall specifically declare to the jury her insistence for judgment in her own name alone.[8]

---

Miss. 854, 133 So. (2d) 286, 134 So. (2d) 445; Snodgrass v. Cherry-Burrell Corp. 103 N. H. 56, 164 A. (2d) 579; Roseberry v. Starkovich, 73 N. Mex. 211, 387 P. (2d) 321; Nelson v. A. M. Lockett & Co. 206 Okla. 334, 243 P. (2d) 719; Neuberg v. Bobowicz, 401 Pa. 146, 162 A. (2d) 662; Page v. Winter, 240 S. C. 516, 126 S. E. (2d) 570; Krohn v. Richardson-Merrell, Inc. 219 Tenn. 37, 406 S. W. (2d) 166, certiorari denied, 386 U. S. 970, 87 S. Ct. 1160, 18 L. ed. (2d) 129; Garrett v. Reno Oil Co. (Tex. Civ. App.) 271 S. W. (2d) 764; Baldwin v. State, 125 Vt. 317, 215 A. (2d) 492; Ash v. S. S. Mullen, Inc. 43 Wash. (2d) 345, 261 P. (2d) 118; Seagraves v. Legg, 147 W. Va. 331, 127 S. E. (2d) 605.

[6] Leffler v. Wiley, 15 Ohio App. (2d) 67, 239 N. E. (2d) 235, is an example of the right of recovery being granted to a wife on constitutional grounds.

[7] This, of course, means that the tortfeasor was negligent and the husband was free from contributory negligence. Any refinement of this rule in terms of comparative negligence must await future adjudication.

[8] This condition (c) shall not, however, preclude submission of the wife's loss of consortium and the husband's loss of consortium separate-

The concept of joinder of the two actions, as a safeguard against double damages, is not original but was at least inferentially suggested by counsel for plaintiff, with the support of these recent cases: Fitzgerald v. Meissner & Hicks, Inc. 38 Wis. (2d) 571, 157 N. W. (2d) 595; Millington v. Southeastern Elev. Co. 22 N. Y. (2d) 498, 293 N. Y. S. (2d) 305, 239 N. E. (2d) 897; Deems v. Western Md. Ry. Co. 247 Md. 95, 231 A. (2d) 514; Ekalo v. Constructive Serv. Corp. of America, 46 N. J. 82, 215 A. (2d) 1.

Eschenbach v. Benjamin, *supra,* is overruled to the extent only that it is inconsistent with this opinion.[9]

2. Today's decision is prospective and is applicable only with regard to personal injuries sustained from and after this date, except that it shall additionally apply to the instant case.[10] Application of the decision to the instant case is not without difficulty, of course, because it is impossible to join the wife's action with that of her husband's. We hold, therefore, that plaintiff may proceed to trial upon her separate cause of action without necessity of joinder, but that it is incumbent upon the trial court to afford defendants the substitute safeguard of evidentiary rul-

---

ly to the jury upon interrogatories or special verdict, as a means of judicial restraint upon duplication of damages. The trial court, indeed, should carefully caution the jury that any loss to the wife of her husband's material support is fully compensated by any award to him for impairment of his lost earnings and that the burden of his disability upon her performance of her normal services to him may be compensated to one but not to both.

[9] Our decision does not overrule our decisions in either Hartman v. Cold Spring Granite Co. 247 Minn. 515, 77 N. W. (2d) 651, or State Farm Mutual Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 122 N. W. (2d) 36, which in a different manner involved statutes with special legislative histories and objectives. For much the same reason, our decision in Fussner v. Andert, 261 Minn. 347, 113 N. W. (2d) 355, has not controlled either the decision or its expression in the instant case.

[10] This limitation upon prospective application is dictated by the decisions in Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. (2d) 795; and Balts v. Balts, 273 Minn. 419, 142 N. W. (2d) 66.

ings and instructions to the jury. The trial court must determine and disclose to the jury what claims were made by Edward L. Thill in the trial of his action against the same defendants and the amount recovered by him in his action, as reduced by its post-trial order. The jury should, in that connection, be instructed that they should make an award to her only for such damage as the evidence now adduced will sustain over and above that necessarily considered by the jury in her husband's prior action for his own loss.

3. We hold, for the purposes of the instant case and in the interest of justice, that both plaintiff and defendants are collaterally estopped against litigating any issue of liability,[11] within the broad test of Bernhard v. Bank of America Nat. Trust & Sav. Assn. 19 Cal. (2d) 807, 122 P. (2d) 892, as endorsed by Lustik v. Rankila, 269 Minn. 515, 131 N. W. (2d) 741. The basic issue of defendants' negligence and the absence of contributory negligence was finally adjudged on the merits. Where the right of plaintiff Therese M. Thill is derivative from the right of plaintiff Edward L. Thill, and where, under the rule announced in this case, the claims ordinarily must be jointly tried, we think there is such practical privity as to justify asserting the principle of collateral estoppel against this plaintiff as part of the ad hoc disposition in this case. The nature of the original case, from which in a real sense the wife benefited in her husband's recovery, as well as her own participation on her husband's behalf,

---

[11] The issue, we acknowledge, has not squarely been raised upon this appeal. The trial judge did make a hypothetical response as to the ruling he would make if this court were to reverse and remand the case for trial and, in so doing, the court indicated that it would apply the principles of collateral estoppel to defendants Johnson and Modern but not to defendants Shiely and Jesco. Although that hypothetical ruling is not in any sense an appealable order, the obvious risk of extended trial and subsequent appeal is such as to warrant our consideration of the issue so inescapably involved. See, Minn. St. 605.05 of the Civil Appeal Code. See, also, McCormack v. Hankscraft Co. Inc. 278 Minn. 322, 343, 154 N. W. (2d) 488, 502.

indicates the fullness of opportunity and incentive for all the parties to have fully litigated that issue. We perceive no injustice in so holding, and it is inconceivable that the result would have been different had this plaintiff been technically a joint plaintiff in that case. Having in mind the long trial that occurred in that case, a fruitless trial of the issue of liability would be needlessly expensive for both the litigants and the state.

We hold, therefore, that defendant Johnson and defendant Modern are each bound by the final judgment of their liability to plaintiff's husband and direct that summary judgment as to liability only shall be entered against each of them and in favor of plaintiff. We hold, for the reasons stated, that this plaintiff is bound by the final judgment of nonliability as to defendant Shiely and as to defendant Jesco and direct that summary judgment be entered in favor of these two defendants and against plaintiff.

Reversed and remanded.