**Carolyn Lenore HUFFER, Respondent,**

**v.**

**Jeffrey Scott KOZITZA,**
**Petitioner, Appellant.**

**No. C3–84–1636.**

Supreme Court of Minnesota.

October 25, 1985.

Philip R. Reitan, Mankato, for appellant.

James H. Manahan, Mankato, for respondent.

SIMONETT, Justice.

We affirm the ruling of the court of appeals that a spouse's cause of action for loss of consortium is not precluded when the other spouse settles his or her personal injury claim separately.

Richard Huffer was in an auto accident in December 1979 and, as a consequence, had a personal injury claim against Jeffrey Kozitza, the driver of the other vehicle. After the accident, the Huffer marriage deteriorated and Carolyn commenced a divorce proceeding. Notwithstanding the pending divorce, Carolyn felt she had sustained a loss of consortium, and her attorney wrote a letter to the attorney handling Richard's personal injury claim, stating that Carolyn wanted her consortium claim presented with Richard's claim when suit was started. On June 22, 1982, some 3½

years after the auto accident and about 11 months after the letter was sent, Richard, without starting any suit or notifying Carolyn, settled his claim with defendant Kozitza and his insurer for $15,000, signing a general release.

Upon learning of her husband's settlement, plaintiff-respondent Carolyn Huffer commenced this action against defendant-appellant Jeffrey Kozitza. She alleged that defendant had negligently injured her husband, Richard Huffer, in an automobile accident, thereby resulting in a loss of consortium to her. Defendant's answer alleged that plaintiff's husband had settled his personal injury claim with defendant and, because plaintiff's loss of consortium claim was derivative, it was barred. Defendant then moved for summary judgment, which was granted by the trial court. The court of appeals reversed. *Huffer v. Kozitza,* 361 N.W.2d 451 (Minn.Ct.App. 1985).

In *Thill v. Modern Erecting Co.,* 284 Minn. 508, 170 N.W.2d 865 (1969), this court recognized that a wife had a cause of action for loss of consortium, and announced:

The rule that we establish today is that the wife of a husband injured as the direct result of the negligence of another shall have a right of action against that same person for her loss of consortium, subject to these essential conditions: (a) Because we hold her right of action to be a derivative right, she may recover only if her husband recovers from the same defendant; (b) because we deem it an indispensable safeguard against the danger of double recovery, she will have her cause of action only if it is joined for trial with the husband's own action against the same defendant; and (c) because the wife's action for lost consortium is so much based upon impairment of marital relationship, were it to continue in the future, any award for her loss of consortium shall be joined in judgment with that of her husband, except only if she shall specifically declare to the jury her

insistence for judgment in her own name alone.

*Id.,* 284 Minn. at 513, 170 N.W.2d at 869 (footnotes omitted).

The district court felt that the language "she will have her cause of action only if it is joined for trial with the husband's own action" was controlling. As the court of appeals pointed out, however, the wife in *Thill* was permitted to pursue her consortium claim even though it was impossible to try her claim with her husband's because her husband's claim had been adjudicated previously at a time when a wife's loss of consortium was not recognized. Further, as the court of appeals also pointed out, we went on to say that "the claims *ordinarily* must be jointly tried." *Id.,* 284 Minn. at 515, 170 N.W.2d at 870 (emphasis added).

■■■ The loss of consortium claim is said to be a derivative claim. This means that Carolyn's right to recover from the defendant derives, by reason of her marriage to Richard, from Richard's right to recover from the defendant. Both claims use the same liability but they are separate claims with separate injuries. *See, e.g., Rosander v. Copco Steel & Engineering Co.,* 429 N.E.2d 990 (Ind.Ct.App.1982); *Whittlesey v. Miller,* 572 S.W.2d 665 (Tex. 1978). The separateness of the two claims becomes difficult to discern, however, when loss of consortium is to be determined. Consortium involves the mutual and reciprocal privileges and duties of the marriage relationship. To ask the trier of fact to assess each marital partner's share of this mutual loss in separate trials, rather than in one trial, invites needless duplicate litigation. But more importantly, separate trials provide an inaccurate and incomplete portrayal of the interdependent wholeness of the marriage relationship, resulting, inevitably, in either a distortion or an overlap in the damages assessment. Consequently, if the trier of fact is to assess damages for loss of consortium properly, the court or jury must have before it both parties to the marriage relationship. This is the basis for the joinder requirement.

■■■ When, therefore, the personal injury action is tried and the consortium claim is available to be tried with it, failure to join the consortium claim to the personal injury action bars the consortium claim. This is our holding in *Thill.* Joinder is required, however, only when the personal injury action is in suit, and then only to assure that, if the personal injury action is tried, the consortium action will be tried with it. If the personal injury action is tried alone, it will be presumed that the trier of fact has included all consortium damages in the personal injury award, and the spouse with the consortium action, who could have joined in the personal injury action but did not do so, will be held estopped from thereafter asserting a claim for more consortium damages. It also follows, of course, that the consortium action is not to be tried before the personal injury action is tried.

■■■ We decline, however, to apply the joinder requirement to settlements before trial. We think claimants and defendants, in their settlement negotiations, should be left to protect themselves from duplication of damages for loss of consortium. Consequently, Richard Huffer, by releasing his personal injury claim, did not release his wife's consortium claim. Nor was it incumbent on Carolyn Huffer to commence a separate action for her derivative claim when her husband's claim was pending without suit.

■■■ In Carolyn Huffer's trial of her own case, liability never having been adjudicated on Richard's claim, Carolyn will have to establish liability against the defendant for Richard's injury. She will also have to prove her own damages, keeping in mind, as we stated in *Thill,* that the jury will be instructed to limit her award to only those damages sustained over and above those necessarily included in the husband's settlement.

Affirmed.