**Tom KIRCHOFF, Plaintiff,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and CNA Insurance Companies, Defendants.**

**No. CIV. 91–5074.**

United States District Court, D. South Dakota, W.D.

Oct. 10, 1991.

Thomas E. Simmons, Rapid City, S.D., for plaintiff.

J. Crisman Palmer, Rapid City, S.D., for defendants.

## MEMORANDUM OPINION AND ORDER

BOGUE, Senior District Judge.

### Introduction

On September 13, 1991, Defendants American Casualty Company of Reading, Pennsylvania, and CNA Insurance Companies, filed with this Court a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Tom Kirchoff filed an appropriate response, and Defendants replied accordingly. Specifically, Defendants argue that Plaintiff's claim for loss of consortium, arising out of his wife's underlying personal injury action (*see* Civ. 90–5089), fails to state a claim upon which relief can be granted under South Dakota law.

### Opinion

Christine Kirchoff was injured in an automobile accident on February 1, 1989. After settling her claim against the tortfeasor, Christine sought excess recovery from her underinsurance carrier, Defendants named herein. At the same time, Plaintiff Tom Kirchoff, Christine's husband, sought recovery for loss of consortium. In the Proposed Order on Pretrial Conference in the underlying action, however, plaintiffs moved voluntarily to dismiss without prejudice Tom's loss of consortium claim. This Court granted plaintiffs' motion (*see* Order, July 3, 1991, Civ. 90–5089), and Christine's personal injury claim proceeded to trial. The judgment arising out of the jury's verdict in favor of Christine was satisfied. Tom Kirchoff now seeks, in a separate lawsuit, damages for loss of consortium arising out of Christine's personal injuries. Defendants argue

that such a separate claim for relief is not recognized under South Dakota law.

The purpose of a motion to dismiss under Rule 12(b)(6) [of the Fed.R.Civ.P.], or in the alternative, a motion for judgment on the pleadings under Rule 12(c)[1], is to assess the legal feasibility of the complaint, not to weigh the evidence which Plaintiff offers or intends to offer. *Schieffelin & Co. v. Jack Co. of Boca.*, 725 F.Supp. 1314 (S.D.N.Y.1989). Thus, the true test [of a motion to dismiss] is measuring the formal sufficiency of Plaintiff's statement of the claim for relief. Wright & Miller, *Federal Practice and Procedures*, Civil 2d sec. 1356 (1990). Though a motion to dismiss is often considered a blunt tool, if Plaintiff's complaint fails to articulate a cognizable claim, use of such a tool is entirely proper.

The issue presented in this case is whether, under South Dakota law, Plaintiff's consortium claim must be joined for purposes of trial with his wife's underlying personal injury claim. This Court, after a painstaking analysis of the relevant case law, believes that a consortium claim must be tried with the spouse's personal injury claim. The South Dakota Supreme Court, in *Wilson v. Hasvold*, 86 S.D. 286, 194 N.W.2d 251 (1972), reasoned:

> In this case the wife's action for loss of consortium was combined for purposes of appeal with her husband's personal injury action. *As an action for loss of consortium is derivative in nature it should also be combined for trial with the injured spouse's action in order to avoid the danger of double recovery and the expense of duplicate trials.*

*Id.* 194 N.W.2d at 255.

The analysis in *Wilson* is both logical and practical. First, a consortium claim must be joined [for trial] with the personal injury claim to serve as a safeguard against potential double recovery. Unlike physical injuries whose impact is often readily ascertainable, consortium claims involve "soft" injuries, or injuries which cannot, for the most part, be measured as a standard element of recovery, i.e., loss of a limb or an eye, or an injury impacting employability. Consequently, a consortium claim tried separately might produce the unintended result of a damage award which includes money for those underlying personal injuries for which the spouse was already properly compensated.

Second, consortium claims must be joined for the sake of expediency. In every case, those same facts which are responsible for creating the personal injury claim ultimately spawn the consortium claim. Conducting a separate trial for each would result in the unnecessary expenditure of judicial time and resources; further, lawyers would subject themselves and their clients to unnecessary costs and delay.

Plaintiff, however, argues that the language in *Wilson* is discretionary, rather than mandatory. Specifically, Plaintiff cites to the phrase "should be combined" for the proposition that a consortium claim may be brought after the personal injury trial is completed. *Id.* 194 N.W.2d at 255. This Court does not subscribe to the theory that the above-quoted language is discretionary. In any event, the South Dakota Supreme Court relied, in large part, on the position adopted by the Minnesota Supreme Court in *Thill v. Modern Erecting Co.*, 284 Minn. 508, 170 N.W.2d 865 (1969). In *Thill*, the court concluded that "the wife of a husband injured as a result [of another's negligence] shall have a right against that same person for her loss of consortium." *Id.* 170 N.W.2d at 869. The Minnesota Supreme Court, however, erected several procedural safeguards to be employed when a loss of consortium claim is asserted:

> The rule we establish today is that the wife of a husband injured as a direct result of the negligence of another shall have a right of action against that person

---

**1.** Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "claim for relief in any pleading" must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Rule 12(c), on the other hand, provides that a party may move for judgment on the pleadings after filing an answer. In either case, this Court subjects the plea for relief to the same level of scrutiny. *See Ashland Oil, Inc. v. Arnett*, 656 F.Supp. 950 (N.D.Ind.1987). In this case, however, because Defendants have not yet filed an answer, a 12(b)(6) motion is proper.

for her loss of consortium, ... (b) *because we deem it an indispensable safeguard against the danger of double recovery, she will have her cause of action only if it is joined for trial with the husband's own action against the same defendant;* ...

*Id.* 170 N.W.2d at 869–870 (emphasis added).

This language is unmistakably clear: if a consortium claim is to be brought, it must be joined at trial with the underlying personal injury claim. The Minnesota Supreme Court later emphasized its holding in *Thill:*

> When ... the personal injury action is tried and the consortium claim is available to be tried with it, failure to join the consortium claim to the personal injury action bars the consortium claim.... If the personal injury action is tried alone, it will be presumed that the trier of fact has included all consortium damages in the personal injury award, and the spouse with the consortium action, who could have joined in the personal injury action but did not do so, will be held estopped from thereafter asserting a claim for more consortium damages.

*Huffer v. Kozitza,* 375 N.W.2d 480, 482 (Minn.1985).

This Court agrees with Defendants that, while *Huffer* is a Minnesota decision, it does nothing more than state with greater clarity what the South Dakota Supreme Court intended in *Wilson.*[2] This Court is confident that, if presented with the above-stated facts and procedural posture, the South Dakota Supreme Court would adopt Minnesota's ban on consortium claims brought separate from the personal injury claim.

---

2.  Although the American Law Reporter is not a dispositive statement of South Dakota law, its analysis and compilation does provide guidance. Under the heading "Loss of Consortium—Joinder," the authors stated the following:
    **§ 3. View that joinder of [consortium] claims is compulsory.**
    Reasoning that judicial economy would be promoted and the chances of double recovery

*Conclusion*

A claim for loss of consortium must be tried together with the underlying personal injury claim. By failing to try his consortium claim with his wife's personal injury claim, Plaintiff is now estopped from bringing such a claim as a separate lawsuit. Therefore, there being good cause appearing, it is hereby

ORDERED that Defendants' motion to dismiss Plaintiff's claim for loss of consortium is granted.

lessened, the courts in the following cases held that a loss-of-consortium claim of one spouse must be joined with the negligence claim of the other injured spouse, unless it is impossible to do so.
**SD** *Wilson v. Hasvold,* (1972) 86 S.D. 286, 194 N.W.2d 251.
60 ALR 4, Loss of Consortium–Joinder, 1178 (1988).