Dean E. MORLOCK, et
al., Respondents,

v.

ST. PAUL GUARDIAN INSURANCE
COMPANY, Appellant.

No. C2–01–340.

Court of Appeals of Minnesota.

Aug. 28, 2001.

Review Granted Oct. 24, 2001.

Phillip R. Krass, C. John Jossart, Krass Monroe, P.A., Bloomington, MN, (for respondents).

Charles E. Lundberg, Michael A. Klutho, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, MN, (for appellant).

Considered and decided by LANSING, Presiding Judge, HARTEN, Judge, and WILLIS, Judge.

## OPINION

HARTEN, Judge.

Respondents Dean and Judy Morlock brought an action against appellant St. Paul Guardian Insurance Company to recover underinsured motorist benefits after Dean Morlock was injured in a car accident. A jury awarded Dean Morlock $508,060.50 for past and future damages and Judy Morlock $125,000 for loss of consortium. The district court denied appellant insurer's motion for a new trial, JNOV, and remittitur. The insurer contends on appeal that the district court erred in giving a prejudicial jury instruction and in declining to grant remittitur based on insufficient evidence presented at trial. We reverse and remand for a new trial.

## FACTS

On September 15, 1996, an underinsured motorist rear-ended a car driven by respondent Dean Morlock (Morlock) near a highway construction site. Appellant St. Paul Guardian Insurance Company (Guardian) was the underinsured motorist insurance carrier for Morlock's car. Morlock sustained injuries in the accident and, having reached a settlement with the motorist who had rear-ended him, brought an

action against appellant to recover under-insured motorist benefits. In the same action, respondent Judy Morlock, Morlock's wife, sought to recover benefits for loss of consortium.

At trial, Morlock testified that he experienced chronic head, neck, and back pain following the accident. Witnesses familiar with Morlock's life and work activities testified that he had become less active following the accident.

Morlock's attorney introduced video-taped deposition testimony by Morlock's treating physicians, one of whom testified that Morlock experienced neck and back pain after the accident and had surgery to repair disks in his back. The same physician noted that Morlock had sustained a back injury in 1957, which resulted in his hospitalization and treatment for back pain intermittently throughout the 1970s to the early 1990s. The physician explained, however, that Morlock's medical records showed no flare-ups or hospitalizations for back pain during the five years prior to the accident, suggesting that Morlock's present injuries were caused by the 1996 accident. Nevertheless, the physician acknowledged that the residual effects of the 1957 accident had not been fully resolved and still existed to some degree. He also conceded that some of Morlock's current complaints were due to pre-existing problems such as degenerative arthritis of the spine and joints.

Morlock's medical records indicate that he has received treatment for various ailments throughout his lifetime, many of which produced symptoms similar to those he experienced after the 1996 accident. As late as 1991, Morlock received treatment for back pain that the treating physician diagnosed as probable degenerative lumbar arthritis. In videotaped deposition testimony, Guardian's medical expert testified that, based on his medical records,

Morlock's current medical complaints resulted not only from the car accident, but also from pre-existing medical problems relating to the skeletal system, back, and neck. Morlock's counsel acknowledged at trial that "there is evidence in this case which could support [a] conclusion that a pre-existing condition is part of the problems that Dean Morlock is experiencing now."

Over Guardian's objection, the district court instructed the jury in relevant part as follows:

A person who has a defect or disability at the time of an accident is entitled to damages for any aggravation of that pre-existing condition.

Damages are limited, however, to results which are over and above those which normally followed from the pre-existing condition, had there been no accident.

*If you cannot separate damages from those caused by the accident, the defendant is liable for all of the damages.*

(Emphasis added).

The jury returned a special verdict, awarding Morlock $508,060.50 for past and future damages resulting from the accident, including medical expenses, loss of earning capacity, and pain. The jury awarded Judy Morlock $125,000 for past and future loss of consortium as a result of the accident.

Guardian filed post-trial alternative motions for a new trial, JNOV, and remittitur based, in part, on the district court's jury instruction concerning pre-existing injuries. The district court denied Guardian's motions, stating that the jury instruction at issue correctly expressed Minnesota law. This appeal followed.

## ISSUES

1. Is Guardian entitled to a new trial because the district court gave an erroneous jury instruction concerning non-separable, pre-existing medical conditions?

2. Is Guardian entitled to remittitur because of insufficient evidence presented at trial?

## ANALYSIS

### 1. Jury Instructions

Guardian contends that the district court erred in instructing the jury concerning pre-existing injuries, arguing that the district court gave an instruction that is both erroneous and prejudicial.

 District courts have considerable latitude in selecting language used in jury instructions and in determining the propriety of a specific instruction. *Alholm v. Wilt,* 394 N.W.2d 488, 490 (Minn.1986). The instructions must be read as a whole, keeping in mind its total impact on the jury. *Lindstrom v. Yellow Taxi Co.,* 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). If the instructions are misleading and conflicting on a material issue, a new trial ordinarily should be granted. *Id.* Further, "[i]f an instruction is erroneous and an appellate court is unable to determine whether the error affected the jury, a new trial should be granted." *Apache Plaza, Ltd. v. Midwest Sav. Ass'n,* 456 N.W.2d 729, 733 (Minn.App.1990) (citing *Lieberman v. Korsh,* 264 Minn. 234, 242, 119 N.W.2d 180, 186 (1962)), *review denied* (Minn. Aug. 23, 1990).

 Here, the district court instructed the jurors that if they could not "separate damages from those caused by the accident, the defendant is liable for all of the

damages." This instruction resembles that set out in 4A *Minnesota Practice* CIVJIG 91.40 (1999):

> There is evidence that (plaintiff) had a pre-existing disability or medical condition at the time of the accident.
>
> (Defendant) is liable only for any damages that you find to be directly caused by the accident.
>
> If you cannot separate damages caused by the pre-existing disability or medical condition from those caused by the accident, then (defendant) is liable for all of the damages.

Guardian disputes the validity of the last sentence in the CIVJIG instruction, which is virtually identical to the instruction given by the district court. Guardian argues that the instruction impermissibly shifts the burden of proof to the defendant in cases involving aggravation of a pre-existing injury.

*Blatz v. Allina Health Sys.,* 622 N.W.2d 376 (Minn.App.2001), *review denied* (Minn. May 16, 2001), supports Guardian's position. In *Blatz,* the instruction at issue impermissibly "place[d] the burden of proof for the apportionment of aggravation on the at-fault defendant" and thereby extended principles underlying joint and several liability to "circumstances in which they [did] not apply." *Id.* at 390. Moreover,

> applying the instruction to aggravation of a pre-existing medical condition to apportion damage between that pre-existing condition and an at-fault defendant not only extends Minnesota law but also conflicts with existing caselaw.

*Id.* at 391–92 (citation omitted).[1]

The Morlocks argue that the instruction at issue does in fact correctly state Minne-

---

**1.** In *Blatz,* however, the instruction did not constitute fundamental error requiring a new trial.

sota law, but the Minnesota caselaw and foreign precedents on which the Morlocks rely, were considered and rejected by the *Blatz* court. We accede to the discussion in *Blatz* and hold that the instruction given in this case misstated Minnesota law.

The Morlocks claim that even if the district court gave an erroneous instruction, appellant nevertheless is not entitled to a new trial. They argue that the district court's instruction "neither destroyed the substantial correctness of the charge nor created substantial prejudice on a vital issue." To support this conclusion, they suggest that the jury must have decided that Morlock had no pre-existing injuries and to the extent that he did, those injuries were asymptomatic prior to the 1996 accident.

The evidence adduced at trial, however, does not support the Morlocks' view. The evidence demonstrated that Morlock has experienced intermittently recurring back pain for several decades. Guardian's expert offered the opinion—based on Morlock's medical records—that many of Morlock's current complaints stemmed from pre-existing medical conditions related to degeneration of the skeletal system, back, and neck. Morlock's own expert acknowledged that some of Morlock's current complaints were likely caused by pre-existing medical conditions rather than the 1996 accident. Such evidence contradicts the proposition that Morlock had no pre-existing injuries or that such injuries were asymptomatic prior to the 1996 accident.

Based on the evidence presented at trial, the jury could have attributed some of Morlock's present injuries and concomitant damages to his recurring back problems; yet the jury may have been unable to separate the damages caused by the recurring injuries from the injuries caused by the 1996 accident. If so, it is entirely possible, if not probable, that the jury used the district court's erroneous instruction to conclude that Guardian was liable for all of Morlock's damages, notwithstanding that not all of those damages were due to the 1996 accident. Because the erroneous instruction may have influenced the jury and because we cannot determine with certainty whether it did, a new trial is warranted on the Morlocks' claims. *See Apache Plaza*, 456 N.W.2d at 733 ("If an instruction is erroneous and an appellate court is unable to determine whether the error affected the jury, a new trial should be granted.").

Guardian also points out that Judy Morlock's claim for loss of consortium derives from her husband's right to recover from appellant. *See, e.g., Huffer v. Kozitza*, 375 N.W.2d 480, 482 (Minn.1985). Because Judy Morlock's claim is inextricably linked to her husband's, the error in the instructions for Morlock's claim also affects his wife's claim. Thus, we hold that a new trial is warranted for Judy Morlock's claim as well.

## 2. Remittitur

Because we hold that Guardian is entitled to a new trial, we do not reach the remittitur issue.

## DECISION

The district court's instruction concerning non-separable, pre-existing medical conditions constituted prejudicial error requiring a new trial as to both respondents' claims.

**Reversed and remanded.**